## DYSON *v.* THE STATE.

1. The petition for *certiorari* in a criminal case alleging error in the verdict on the ground that it was contrary to law and the evidence, and there being in the evidence set forth in the petition, which purported to contain a statement of all the evidence introduced on the trial, nothing to show that the offense was committed in the county where the trial was had, this court, following its previous adjudications on this subject, is constrained to hold that the judge of the superior court erred in refusing to sanction the petition.
2. The error above indicated requires a reversal of the judgment,

irrespective of the other questions presented by the petition for
*certiorari.*

May 4, 1896.

Petition for *certiorari.*    Before Judge Hart.    Greene
county.    March 14, 1896.

*H. T. Lewis* and *J. P. Brown,* for plaintiff in error.

*H. G. Lewis, solicitor-general,* by *Anderson, Felder &
Davis,* and *J. B. Park, Jr.,* contra.

LUMPKIN, Justice.

1. The plaintiff in error was tried and convicted of a
misdemeanor in the county court of Greene county. He
presented his petition for *certiorari* to the judge of the
superior court, whose refusal to sanction the same is com-
plained of in the bill of exceptions. The petition com-
plains of quite a number of rulings and decisions which
it alleges were made by the county judge; avers that the
verdict of guilty was contrary to the evidence, and sets
forth what purports to be a statement of all the evidence
introduced upon the trial. From this statement—which,
for the present purpose, must be treated as a correct one—
it nowhere appears that the alleged offense was committed
in Greene county; and for this reason, if for no other, the
judge ought to have sanctioned the petition. There was
no distinct assignment of error in the verdict on the ground
that the venue was not proved, and it does not appear that
the attention of the judge was called to this defect in the
evidence, or that he distinctly passed upon this particular
question. Under these circumstances, we would, if left
free to do so, be very strongly inclined to hold that it was
not incumbent upon his honor to closely scrutinize the evi-
dence with a view to ascertaining whether or not the venue
was shown; but this question has been settled for us by
several decisions of this court, among which, and precisely
in point, is that of *Davis* v. *State,* 82 *Ga.* 205, holding
that: "There can be no legal conviction without proof,

direct or circumstantial, that the offense was committed in the county. And the lack of sufficient evidence of the venue is covered by exceptions taken by *certiorari* to the finding of the county judge as contrary to law and without evidence to support it."

2. The other questions presented by the petition for *certiorari* need not be passed upon. Indeed, many of them may be entirely eliminated by the answer of the county judge, which will be forthcoming after the writ of *certiorari* has been issued and served upon him.

*Judgment reversed.*