*C. D. McGregor* and *J. H. McLarty,* for plaintiffs in error.

---

## MOORE *v.* MOORE & COCHRAN.

A verdict and judgment obtained by fraud practiced on the defendant may be set aside at the term of the court at which the verdict and judgment were entered, where the movant makes it appear that he was prevented by the fraud of the prevailing party from making his defense, that he was not ˙in laches, has a meritorious defense, and announces ready for an instant trial.

(*a*) The testimony objected to tended to support the allegations of the motion.

(*b*) The court did not abuse his discretion in vacating the verdict and judgment, and allowing the defendant to plead to the merits.

　　　　　　　　MARCH 11, 1913.

Complaint. Before Judge J. B. Park. Morgan superior court. April 30, 1912.

　*M. C. Few,* for plaintiff.

　*S. H. Sibley* and *Williford & Lambert,* for defendant.

EVANS, P. J. This is a proceeding to vacate a verdict and judgment alleged to have been obtained by fraud practiced on the defendant. The application to set aside the verdict and judgment was made at the term of the court at which they were entered; and the movant alleged that the verdict and judgment were obtained by the fraud of the plaintiff, that the movant was not in laches and had a meritorious defense, and he announced ready for an instant trial. The proceeding conformed to that approved in *Ford* v. *Clarke,* 129 · *Ga.* 293 (58 S. E. 818). The verdict and judgment in question were rendered in.favor of the plaintiff, who was the son of a co-defendant sued as a partner with the movant. Objection was made to certain testimony tending to show that the father of the plain-·

tiff, in the latter's presence, and with his implied consent, promised the defendant that the action would be withdrawn and would not be further pressed, and for that reason the movant did not file his defense; that neither the defendant nor the partnership of which he was a member was indebted to the plaintiff in any amount; that the books of the partnership, kept by the plaintiff, showed no indebtedness to the plaintiff; and that the plaintiff was indebted to the partnership. Testimony of this character was admissible, and the objection thereto, on the ground of irrelevancy, was properly overruled. There was no error in setting aside the verdict and judgment and reinstating the case, and in allowing the defendant to plead, on the showing made to the court.

*Judgment affirmed. Beck, J., absent. The other Justices concur.*