## ROBERTS *v.* ROBERTS.

HILL, J. 1. "A judgment founded on a verdict obtained by fraud practiced on the defendant and the court may be set aside, and the original case reinstated, in a court of law, with proper pleadings, and with all the parties at interest as parties to the motion; the motion being made at the term of the court at which the verdict and judgment were entered, and the movant showing that he was not in laches, had a meritorious defense, and announcing ready for an instant trial." *Ford* v. *Clark*, 129 *Ga.* 292 (58 S. E. 818). See also *Boyd* v. *Boyd*, 135 *Ga.* 186 (68 S. E. 1095); *Albright* v. *American Central Ins. Co.*, 147 *Ga.* 492, 493 (94 S. E. 561).

2. The motion to set aside the verdict and judgment in this case met the requirements of the foregoing rule; and the judge did not err in overruling the demurrer to the petition.

*Judgment affirmed. All the Justices concur.*

No. 1936. DECEMBER 18, 1920.

Divorce, etc. Before Judge Meldrim. Chatham superior court. January 27, 1920.

The petition of Moselle Roberts, filed on August 27, 1919, represented: that on June 4, 1919, Edward B. Roberts obtained against her a final verdict and decree of total divorce, in Chatham superior court; that the service of the divorce suit was by publication in a Savannah newspaper; that the defendant therein (petitioner) never received any actual notice of the filing of the divorce case, or of the verdicts or the decree, until after the decree was issued; that in the libel for divorce it was alleged that Moselle Roberts was a non-resident of Georgia, residing in Massachusetts at a place in said State unknown to the libellant, which allegation was false, for that at the time of filing the action for divorce Edward B. Roberts well knew petitioner's address; that by this false allegation he procured of the court an order that petitioner be served by publication instead of by actual service, thereby constituting a fraud on the court and on petitioner, by reason of which fraud she was deprived of her right to receive, and never did receive, actual notice of the filing of the action, and deprived of her opportunity to be heard; that this petition is brought during the term at which the decree was rendered, and instantly upon knowledge of the libel for divorce; and that she has a meritorious defense, and offers instantly to plead and to announce ready for trial. She prays; that the decree be set aside, and for such further relief as shall seem just and proper.

It appearing by return of the sheriff, and by affidavit of petitioner's counsel, that Edward B. Roberts did not reside within Georgia, the court passed an order that he be served by publication twice a month for two months before the December term, 1919. In the meantime, on September 17, 1919, the court issued a rule nisi, on the motion of Moselle Roberts, directing that Edward B. Roberts show cause on November 18, 1919, why the decree should not be set aside pursuant to the prayers of the motion. In response a general demurrer was filed, with a motion to dismiss the petition, on the following grounds: (1) That the court had no jurisdiction then to entertain the motion to set aside the divorce decree, for the reason that the term at which the decree was passed had elapsed and another term had begun. (2) That

no process was attached to the petition, it was not made returnable to any term of court, and the entire proceeding was null and void. (3) That any proceeding to set aside the decree on the ground of fraud (the term at which it was rendered having passed) must be in the nature of an equitable proceeding involving an issue of fact; such proceeding should pray for process, and there should be an appearance and a trial term; and the petition shows on its face no compliance with the law in this respect. The demurrer was overruled, and the respondent excepted. In the brief of his counsel it was contended that the petitioner did not seek to set aside the order, presumably passed by the court in the divorce suit, declaring that service of that suit by publication had been perfected; and that such order was conclusive until set aside.

*Shelby Myrick*, for plaintiff in error, cited: *Clark's Cove Guano Co.* v. *Steed*, 99 *Ga.* 44; *Ayer* v. *James*, 120 *Ga.* 580; *Georgia Ry. &c. Co.* v. *Hamer*, 1 *Ga. App* 673; *Dugan* v. *McGlann*, 60 *Ga.* 353; *Pulliam* v. *Dillard*, 71 *Ga.* 598, Civil Code, §§ 4584, 5362, 5363, 5365.

*Hugh M. Gannon* and *Lee Cotton*, contra, cited (beside cases cited in the syllabus, supra): *Seagraves* v. *Powell*, 143 *Ga.* 572, 579; *Worthy* v. *Farmers Life Confederation*, 144 *Ga.* 512; *Lyons* v. *State*, 7 *Ga. App.* 50, 52; *Shaw* v. *Watson*, 52 *Ga.* 203.