## BENTLEY *v.* BENTLEY *et al.*

No. 12612. APRIL 13, 1939.

*W. E. & W. G. Mann,* for plaintiff.

*Frank M. Gleason* and *Charles Robert Jones,* for defendants.

REID, Chief Justice. The bill of exceptions assigns error on a judgment dismissing on demurrer a petition to set aside a verdict and decree which had been rendered in the case of Mrs. Bertie C. Bentley against W. C. Bentley, which case had been pending in Catoosa superior court since July 15, 1935. The action was for

divorce, and it was sought, as against the defendant, to have the title to various parcels of real estate and other property decreed in the plaintiff, as well as other equitable relief. The answer asserted sole ownership of the property in the defendant, and sought equitable relief against the plaintiff. The issue as to the divorce was concluded by successive verdicts, and that feature of the case was finally terminated; but the various issues concerning the title to the property were left open, and had not been finally determined before February 7, 1938. While the case as to these issues was thus pending the plaintiff, Mrs. Bertie C. Bentley, on her voluntary petition was adjudicated a bankrupt, and M. D. Beaver was named trustee of her bankrupt estate. He filed in this case an intervention claiming the rights and interests which had been asserted in behalf of Mrs. Bentley, and seeking to have adjudicated for the benefit of the bankrupt estate the controversy over the various property which was the subject-matter of the litigation in this equitable action, and thus to have for the benefit of the bankrupt estate whatever recovery the plaintiff in the action was entitled to. The issues thus made were submitted to a jury on February 7, 1938, and verdict was rendered, finding defendant W. C. Bentley to be the owner of all of the real estate, but finding further that Mrs. Bentley had an interest in said property amounting to $400; and the verdict found said amount "in favor of Mrs. Bertie Cail Bentley and M. D. Beaver, trustee in bankruptcy." Decree was entered in conformity to the terms of the verdict. Thereafter Mrs. Bentley filed a motion for new trial, seeking to set aside this verdict and judgment. The motion was regularly served, and the usual orders taken, allowing time for preparation and approval of the brief of evidence. On April 4, 1938, the motion for new trial was dismissed for want of prosecution. On July 9, 1938, Mrs. Bentley, through other counsel, filed a motion to set aside the verdict and decree rendered on February 7, 1938. The grounds relied upon in this petition were that the verdict and decree were obtained and caused to be entered without her knowledge and without any notice to her; "that the verdict was procured without introduction of any evidence and without notice to petitioner;" that there was collusion between counsel for the trustee in bankruptcy and W. C. Bentley to defraud her out of her property; and that she "had no voice in the matter," and "un-

derstood" that the court had retained jurisdiction thereof and "under the said pending cause was looking after petitioner's interests, and that no further action thereon was to be taken or had." In this petition it is alleged "that all of the proceedings in said case are relevant to this proceeding and of record in said court and are very voluminous, and same are referred to and made a part of this proceeding."

1. It will be seen, from the record of what had transpired in the plaintiff's case, that the judge was clearly right in dismissing the petition. It appears from an examination of the record before us that the plaintiff's counsel approved the decree she sought to set aside. His authority to do so as her counsel is not questioned, nor is it alleged that in doing so he acted contrary to instructions given by the plaintiff. It appears that after the verdict and decree the plaintiff caused other counsel to file a timely motion for new trial, by which of course she had full opportunity to challenge the validity of the verdict and judgment for any valid reason that might exist. After the motion for new trial was dismissed (and no charge of fraud is made in connection with its dismissal), and the passage of the term at which it was rendered, the judgment was binding on the parties. *Gillespie* v. *Farkas,* 19 *Ga. App.* 158 (91 S. E. 244) ; *Lucas* v. *Lucas,* 179 *Ga.* 821 (177 S. E. 684) ; *Moore* v. *Moore,* 139 *Ga.* 597 (77 S. E. 820) ; *Union Compress Co.* v. *Leffler,* 122 *Ga.* 640 (50 S. E. 483).

2. The facts set up in the petition afford no legal reason for relief, and the action of the judge in refusing to set aside the judgment was not error. It thus becomes unnecessary to determine whether, by virtue of the appointment of the trustee in bankruptcy and his intervention, the plaintiff had such an interest as would authorize her to make the complaint which she sought to do in her petition.          *Judgment affirmed. All the Justices concur.*