### HUNTER *v.* GILLESPIE.

ALMAND, Justice. F. J. Hunter, in the capacity of a citizen and taxpayer, sought by writ of mandamus to compel the defendant, J. L. Gillespie, Marshal of the City of Hapeville, to enforce certain provisions of a zoning ordinance. The writ was made returnable June 2, 1950. On June 27, 1950, the court entered a judgment (after reciting that the defendant had failed to appear or plead) granting a mandamus absolute. On June 29, 1950, during the term at which the judgment was entered, the defendant filed a motion to set aside and vacate the judgment, on the ground that, though he had a good defense to said action, he did not file any pleadings, or appear at the hearing on the rule nisi, because he and his counsel were prevented by misrepresentations of the plaintiff's counsel as to the time of the hearing; it being alleged that, three days before the hearing set for June 2, the plaintiff's counsel advised the defendant's counsel that, on account of illness of the plaintiff's counsel, it would be impossible to hear the case for several weeks, and that the plaintiff's counsel would notify the defendant's counsel as to the time and place of the hearing when set; and that the rule was not set down by the court for any specified time after June 2. Relying on this understanding, the defendant did not file any pleadings. On July 19, 1950, the court permitted the defendant, subject to objection, to file an answer and defensive pleadings in the mandamus action. Demurrers and objections were filed to the motion to set aside the judgment. On a hearing of this motion and objections thereto, evidence was introduced by the defendant supporting the allegations made in the motion. There was also evidence that the rule nisi, after the day set in the rule for a hearing, had not been set down on any court calendar for a hearing according to the rules and practice of the court. The defensive

pleadings filed by the defendant show a meritorious defense to the plaintiff's action. The court overruled the demurrers and objections of the plaintiff, and granted an order vacating and setting aside the judgment of June 27. The plaintiff's bill of exceptions assigns error on these several orders. *Held*:

A superior court retains plenary control over judgments entered during the term in which they are entered, and in the exercise of a sound discretion may revoke them, and such discretion will not be controlled unless manifestly abused. *Bowen* v. *Wyeth*, 119 *Ga.* 687 (1, 2) (46 S. E. 823). This inherent power applies to all orders and judgments, including judgments by default, save those which are founded on verdicts. *Cooley* v. *Tybee Beach Co.*, 99 *Ga.* 290 (25 S. E. 691); *Roberts* v. *Roberts*, 150 *Ga.* 757 (105 S. E. 448); *East Side Lumber Co.* v. *Barfield*, 193 *Ga.* 273 (1) (18 S. E. 2d, 492). The evidence before the trial judge does not show any manifest abuse of discretion in setting aside the mandamus absolute and allowing the defendant to file defensive pleadings. *Moore* v. *Moore*, 139 *Ga.* 597 (77 S. E. 820).

*Judgment affirmed. All the Justices concur, except Duckworth, C.J., who dissents.*

DUCKWORTH, Chief Justice, dissenting. I dissent on the ground that no fraud upon the court was practiced to procure the judgment, and the judgment was the result of the negligence of counsel, which is no ground for setting it aside.

No. 17322. FEBRUARY 13, 1951.

*Paul W. Hughes*, for plaintiff.

*Robert B. McCord Jr.*, and *Rex. T. Reeves*, for defendant.