21795.   HINSON v. HINSON.

ARGUED OCTOBER 8, 1962—DECIDED OCTOBER 30, 1962.

*William A. McQueen, Leon A. Wilson, III,* for plaintiff in error.

*Lamar Gibson, J. Baker McGee,* contra.

GRICE, Justice. The question for our determination is whether, in view of the undisputed facts, the trial court was authorized to vacate the decree of divorce. The trial was conducted and the decree was obtained in a county other than the one in which the action was filed, although in the same judicial circuit. No notice of the time and place of such trial was given to the other party or her counsel.

On December 8, 1961, John B. Hinson filed suit for divorce against Roberta E. Hinson, a Florida resident, in the Superior Court of Charlton County, Georgia. Service by publication upon the defendant was ordered, process issued, publication had for four successive weeks, and a marked copy mailed to the defendant by the clerk of that court, all as required by law.

On March 26, 1962, the Superior Court of Charlton County convened for its regular March 1962 term, and it was not thereafter, during the events of this litigation, adjourned by order of that court.

On June 22, 1962, the trial court, while in chambers in Coffee County, and without any notice whatever to the defendant or her counsel, entered an order that service had been perfected, heard evidence, and entered its decree of divorce.

On June 29, 1962, the defendant filed an answer and cross-petition to this petition for divorce, denying its material allegations, setting forth a meritorious defense, and praying that the plaintiff be denied a divorce.

Subsequently, on July 11, 1962, she filed a motion to vacate the decree of divorce entered on June 22. The grounds of that motion, as finally insisted upon, were that "3. Said case was heard and tried in Douglas, Coffee County, Georgia, and not in Charlton County, Georgia" and "4. No notice of any kind as to the time or place of the hearing of said case was given to defendant, nor to her counsel."

On July 18, 1962, this motion came on for hearing upon stipulation of the parties, no evidence being introduced, and judgment was rendered vacating the decree of divorce. That judgment recited that the motion to vacate was made during the same term the divorce decree was entered and that the parties had stipulated that "the divorce case was heard before . . . and the decree

of divorce was rendered and signed by [the Judge of Charlton Superior Court] on June 22, 1962 . . . [in] Coffee County, Georgia; it further appearing to the court that no notice whatever had been given to the defendant or her counsel as to the time or place of the hearing of said divorce case and granting of said decree." The exception is to that judgment.

1. In considering the judgment under review, we begin by recognizing the well established rule "that a court has plenary control over its judgments, orders and decrees during the term at which they were made, and, in the exercise of a sound discretion, may revise, revoke, or modify them" (*Dover v. Dover*, 205 Ga. 241, 53 SE2d 492), and its corollary, that this power should not be used "unless some meritorious reason is given therefor." *Cofer v. Maxwell*, 201 Ga. 846, 848 (41 SE2d 420).

The fact that the divorce decree was rendered by the court sitting as a jury and trior of the facts did not make the motion in the present case inappropriate; nor did the fact that the defect was not one appearing on the face of the record make such motion unavailable. In this connection see *Allen v. Allen*, 218 Ga. 364 (127 SE2d 902), where, as here, no jury was involved and also the defect did not appear on the face of the record.

2. Reaching the merits of the motion, we conclude that the trial court was correct in granting it.

(a) Admittedly movant had no notice whatever that the trial of the divorce action pending in Charlton County was to be had in Coffee County.

The power of the superior courts to determine issues by final judgment at chambers in any county in the judicial circuit when a jury verdict is not required may be exercised only after "reasonable notice to the parties." This requirement is specified with the power to determine such issues at chambers.

*Code Ann.* § 81-1003 provides: "(b) The judges of the several superior courts of this State may, *on reasonable notice to the parties*, at any time, either in term or vacation, and at chambers in any county in the circuit, hear and determine by interlocutory or final judgment, any matter or issue, where a jury verdict is not required or has been duly waived . . . [The remaining provisions dealing with mailing or publication of the

court calendar are not involved under the facts here.]" (Emphasis ours.)

The State Constitution, Art. VI, Sec. IV, Par. VIII (*Code Ann.* § 2-3908) declares: ". . . The judges of said courts may, *on reasonable notice to the parties,* at any time, in vacation, at chambers, hear and determine, by interlocutory or final judgment, any matter or issue, where a jury verdict is not required, or may be waived." (Emphasis ours.)   Although it does not include the words "in any county in the circuit" which are in the statute (*Code Ann.* § 81-1003, supra), this court has on numerous occasions construed this constitutional provision to afford that power.   For example, see *Richards v. Richards,* 203 Ga. 436 (3) (46 SE2d 900); *Reardon v. Bland,* 206 Ga. 633, 638 (58 SE2d 377); *Barfield v. Aiken,* 209 Ga. 483 (1) (74 SE2d 100).

(b) The requirement of this notice was not dispensed with for any reason advanced.   It was not obviated by the defendant's failure to file defensive pleadings within the time prescribed or by her failure to show due diligence.   Service of the divorce suit upon the defendant is not the notice contemplated by the foregoing provisions.   She was within the rule that "A defendant in an action for divorce may at any time before final judgment file without first paying the costs her answer and cross-petition for divorce and alimony." *Jolley v. Jolley,* 216 Ga. 51 (114 SE2d 534).   Furthermore, even without pleading she had the right to appear and contest at the trial.   She continued to be a party to the case as contemplated by "reasonable notice to the parties" and was entitled to the notice required in this situation.

For denial of this notice the decree of divorce was properly vacated.

*Judgment affirmed.   All the Justices concur.*