28941, 28942. HATHCOCK v. HATHCOCK; and vice versa.

GUNTER, Justice.

This appeal and cross appeal come here from a judgment rendered March 5, 1974, which vacated a judgment entered December 31, 1973, in a separate maintenance custody and alimony case.

The wife filed an action below for separate maintenance and custody. The trial judge heard evidence without a jury and rendered a judgment on December 31, 1973. On January 9, 1974, the wife filed a "Motion for Reconsideration of Temporary Order Entered." On January 23, 1974, the wife also filed a "Motion to Set Aside Judgment," an "Amended Motion for Reconsideration of Temporary Order Entered," and a "Motion for a New Trial." The trial judge conducted a hearing on February 6, 1974, but there is no transcript of that hearing in the record. Then on March 5, 1974, the trial judge entered a judgment that vacated the December 31, 1973 judgment. The trial judge did not rule on the pending "Motion for a New Trial."

The December 31 judgment was rendered at the November Term of Court. The January Term of Court began on January 14, 1974. It is thus seen that the January 9 motion was filed during the November Term of Court at which the December 31 judgment was entered, but the

other motions filed on January 23, 1974, were filed at the January Term of Court.

The husband was dissatisfied with the March 5 judgment that vacated the December 31 judgment, he procured a certificate for immediate review, and he contends here that the trial court had no power to set aside its judgment rendered December 31 at a subsequent term of the court.

The wife filed a protective cross appeal, but because we affirmed the judgment on the main appeal, it is unnecessary to give consideration to the cross appeal.

The judgment of March 5, 1974, recited that it was entered "pursuant to notice on Motion for Reconsideration filed January 9, 1974, which was within term and within (10) ten days of the final judgment of this court entered December 31, 1973." The case had been originally heard by the court without a jury. Subsection (b) of Code Ann. § 81A-152 provides: "Upon motion of a party made not later than ten days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial, but if so made, both motions shall be made within ten days after the entry of judgment."

We interpret this procedural provision in our law to mean, as the trial judge apparently did, that in all cases tried before the court without a jury, whether or not written findings are required, a motion for reconsideration by the trial judge is proper if filed within the ten-day period. And this is so irrespective of the expiration of a term of court.

We therefore hold that the motion for reconsideration in this case filed within the ten-day period had the effect of retaining in the trial judge the jurisdiction to amend or vacate his December 31 judgment, even though the November Term of Court expired before he acted on the motion.

Having affirmed the March 5 judgment in No. 28941, the case is still pending in the trial court for an amended judgment or further proceedings, and it is unnecessary for us to rule on the cross appeal, No. 28942.

*Judgment affirmed on the main appeal; cross appeal*

*dismissed. All the Justices concur.*

SUBMITTED MAY 31, 1974 — DECIDED SEPTEMBER 6, 1974.

*McCamy, Minor, Phillips & Tuggle, John T. Minor, III, J. T. Fordham,* for appellant.

*Mitchell, Mitchell, Coppedge & Boyett, Warren N. Coppedge, Jr.,* for appellee.