51102. PILGRIM et al. v. BROOKFIELD WEST, INC.

STOLZ, Judge.

The plaintiffs, a father and his minor son, brought separate actions against the defendant developer for damages for the son's personal injuries sustained in driving his motorcycle into a cable which the defendant had stretched across a dirt road on its property.

The trial judge denied the defendant's motion for summary judgment in both actions. This order was certified for immediate review and the defendant filed a notice of appeal therefrom. Subsequently, the defendant unilaterally withdrew its appeal, and the judge entered an order granting summary judgment for the defendant,

from which the plaintiffs appealed.

1. The plaintiffs-appellants contend that the order denying the defendant-appellee's motion for summary judgment was superseded by the appellee's filing of its notice of appeal (Code Ann. § 6-1002), that its unilateral withdrawal of its appeal, contrary to the provisions of Code § 6-503, was not effective to suspend the supersedeas, and that therefore the trial judge did not have jurisdiction to modify its previous judgment by entering the order here appealed from. See *Park v. Minton,* 229 Ga. 765, 769 (3) (194 SE2d 465).

However, the order denying the appellee's motion for summary judgment was never entered, as defined and required by Code Ann. § 6-903 (Ga. L. 1965, pp. 18, 32) and Code Ann. § 81A-158 (Ga. L. 1966, pp. 609, 662). Section 81A-158 (b) provides in part that *"unless the court otherwise directs,* no judgment shall be effective *for any purpose* until the entry of the same . . ."* (Emphasis supplied.) The trial judge's certification of the order did not make it effective for the purpose of appeal, because certification of the order was required to be made "within 10 days of entry thereof." Code Ann. § 6-701 (a) (2) (Ga. L. 1965, p. 18; as amended, Ga. L. 1968, pp. 1072, 1073). There having been no effective judgment or order, there could be no valid appeal therefrom; therefore, the trial court was not without jurisdiction to enter the judgment here appealed from.

2. The showing on the motion for summary judgment raised genuine issues of material facts; therefore, the grant of summary judgment is reversed.

*Judgment reversed. Deen, P. J., and Evans, J., concur.*

ARGUED SEPTEMBER 10, 1975 — DECIDED NOVEMBER 18, 1975.

*Russell & Nardone, Walter B. Russell, Jr.,* for appellants.

*W. L. Spearman,* for appellee.