## 31818. HELLER et al. v. BOARD OF COMMISSIONERS OF DeKALB COUNTY et al.

UNDERCOFLER, Presiding Justice.

On March 31, 1976, an injunction was issued by the trial court, sitting without a jury, against the Board of Commissioners of DeKalb County and other defendants, restraining them from proceeding with a rezoning of a particular tract of land for a period of 24 months. This order was filed on April 2, 1976. On April 12, 1976, the county filed a "motion for modification" of the order, asking the court to remove the restraint from the board of commissioners. On April 28, 1976, the county filed a notice of appeal for all the defendants; however, this appeal was voluntarily dismissed on September 1, 1976. On September 20, 1976, the trial court, after receiving briefs and argument of counsel, modified the original order of April 2nd, removing the restraining order from the board of commissioners. This order was filed September 22, 1976, and this appeal is from that order.

1. Appellant argues "the trial court was without authority to vacate, alter, modify such judgment which was res judicata between the parties." He states the motion for modification filed was not one of those motions which could extend the time for filing notice of appeal provided for in Code Ann. § 6-803 (Ga. L. 1965, pp. 18, 21; 1966, pp. 493, 494; 1968, pp. 1072, 1077). The filing of the notice of appeal acted to abandon the motion to modify, he argues further, and upon being voluntarily dismissed, should be construed here as an "affirmance without direction."

We disagree. Here, a motion for modification was before the court, properly filed, but not heard when a notice of appeal was timely filed. Because the motion was before the court in term, it survived to subsequent terms under our holdings in Pekor v. Clark, 236 Ga. 457 (224 SE2d 30) (1976) and Hathcock v. Hathcock, 232 Ga. 719 (208 SE2d 819) (1974). And see Pilgrim v. Brookfield West, 136 Ga. App. 619 (222 SE2d 137) (1975).

When appellees voluntarily dismissed their appeal, the trial court, no longer restrained by supersedeas on

appeal, reviewed briefs and argument of counsel on the motion for modification still pending and issued the order of September 22nd. This was proper under the facts of this case and there was no error.

2. Appellant contends the trial court erred in construing Art. XII, Sec. A of the DeKalb County Zoning Ordinances (as amended and adopted July 24, 1973) "when it ruled that the ordinance would not prohibit the county from rezoning subject property."

We have carefully read plaintiff's Exhibit No. 6 setting forth the questioned ordinance and reviewed the record and transcript of proceedings. We find no error. See Code Ann. § 81A-152.

*Judgment affirmed. All the Justices concur, except Ingram, J., who dissents as to Division 1.*

ARGUED JANUARY 24, 1977 — DECIDED MARCH 8, 1977.

*Rose & Stern, George S. Stern, James W. Penland,* for appellants.

*Harvey, Willard & Elliott, Wendell K. Willard, Webb, Parker, Young & Ferguson, Guy Parker,* for appellees.