41629, 41630. HANSON v. FIRST STATE BANK & TRUST;
and vice versa.
(327 SE2d 730)

CLARKE, Justice.

This is a dispute between a trustee bank and beneficiaries under a trust. Although it began as a suit for declaratory judgment by the trustee, it evolved into an action by the beneficiaries for removal of the trustee, damages and return of certain fees.

Numerous complex issues arose during the jury trial and each party moved for a directed verdict. The order entered by the trial court followed an extensive colloquoy between the court and counsel. It recites that counsel for all parties agreed that there were no factual

questions to be decided by the jury, thus committing the case to the court for decision. The order states it was entered after the court considered the evidence and the law. The order of the court, which contains no findings of fact or conclusions of law, denied some of the relief sought by the beneficiaries but granted certain other relief, including $15,000 together with interest and the removal of the trustee.

Before we reach the substantive issues, we must decide whether findings of fact and conclusions of law are necessary. Findings and conclusions are not ordinarily required in a jury trial. On the other hand, in a case tried by the court without the intervention of a jury, findings and conclusions are generally required by OCGA § 9-11-52 (a), unless they are waived by the parties. There was no waiver in this case.

There is a question of whether this was a jury trial or whether it began as a jury trial and was converted into a bench trial. There are further questions of whether under the current law juries can be utilized to decide the equity issues in a case and, if they can, whether findings of fact and conclusions of law are required in any event. This case involves questions of equity. There is no constitutional right to a trial by a jury in equity cases. *Williams v. Overstreet*, 230 Ga. 112 (195 SE2d 906) (1973). In *Cawthon v. Douglas County*, 248 Ga. 760 (286 SE2d 30) (1982), we held that there is no statutory right to a trial by jury in equity cases. Former Code Ann. § 37-1104 does not appear in the Official Code of Georgia. The former section made provision for a special verdict. We do not view the failure to include this section in the Official Code of Georgia as a limitation upon the inherent right of a court of equity to call for special verdicts if, in its discretion, it desires to seek a jury's aid as a fact-finding body. We hold that a court of equity has such discretion, but when the discretion is exercised, the court has not abrogated its responsibility as a chancellor in equity. The function of the jury is to serve as an aid to the court. The function of the court is to apply the facts to the law so that equitable results may prevail. In this case the trial court removed all issues from the jury and decided them itself. The colloquoy between the court and counsel indicates the court's intention to direct a verdict on various issues, but the order itself is more consistent with the removal of the issues from consideration by the jury and submission of them to the court without the intervention of a jury. We make no distinction between these courses of action as they may relate to the necessity for findings of fact and conclusions of law. Even if the jury had found specific facts, the duty of the court in an equity case to apply these facts to the law makes findings and conclusions necessary. In a proper case this could be accomplished by simply adoption of the finding of the jury. In *Motes v. Stanton*, 237 Ga. 440 (228 SE2d 831) (1976), we said, "An intelligent review of the merits of this ap-

peal is precluded without explanatory findings of fact by the trial judge." This statement is equally true in this case.

Therefore, the judgment must be vacated and remanded to the trial court to enter findings of fact and conclusions of law in the case. Upon this being done, either or both of the parties will have the right to appeal from such judgment as is entered.

*Judgment vacated and remanded. All the Justices concur.*

'DECIDED APRIL 2, 1985.

*Alston & Bird, Jay D. Bennett, Sidney O. Smith, Jr.*, for appellant.

*Perry, Walters & Lippitt, H. Holcombe Perry, Jr.*, for appellee.