42949. SANDERS et al. v. STONE et al.
(342 SE2d 318)

BELL, Justice.

This case is a contest among members of a local church congregation in Oglethorpe County, Georgia, and the United Methodist

Church for control of the local church's property. In 1820 one Robert Smith conveyed the real property on which the local church is located to the "Trustees for the meeting house known by the name of Mt. Pleasant . . . and their successors in office to be appointed by the congregation." In the years following its establishment the Mt. Pleasant Church became affiliated with a predecessor of the United Methodist Church; the exact date of affiliation is disputed by the parties. By 1983 a majority of the congregation had become disaffected with the United Methodist Church, and voted to disaffiliate.

Defendants-appellees are an officer and three trustees representing the faction of the Mt. Pleasant Church which voted to disaffiliate from the United Methodist Church. Three of the four plaintiffs-appellants are trustees elected by the faction which wishes to remain affiliated with the United Methodist Church, with the fourth plaintiff-appellant being the superintendent of the United Methodist district which includes the Mt. Pleasant Church. On March 9, 1984, plaintiffs-appellants filed suit. As later developed at trial, it was their contention that the United Methodist Church held equitable title to the Mt. Pleasant property because a trust for the benefit of the general church had been implied by certain provisions of the organizational constitution of the general church, the Book of Discipline. See *Carnes v. Smith*, 236 Ga. 30 (222 SE2d 322) (1976); *Crumbley v. Solomon*, 243 Ga. 343 (254 SE2d 330) (1979). The plaintiffs further alleged that the defendants-appellees wrongfully had refused to allow the appointed United Methodist minister to conduct worship services at the church building, had locked out the plaintiffs and other members of the church, had refused to account for money held by defendant Coile, the treasurer of the majority faction, and had appropriated the church property to their own use. The plaintiffs prayed for an accounting by Coile, and further prayed the court to enjoin the defendants from interfering with the plaintiffs' worship at the Mt. Pleasant Church and from claiming any right of title to the property. The defendants answered and counterclaimed for a declaration of title. A jury trial was held, and on May 21, 1985, the jury returned a general verdict for the defendants. On June 7, 1985, the court entered judgment, denying the plaintiffs' prayers for injunction and vesting title in the defendants. The order of the court did not contain findings of fact or conclusions of law. The plaintiffs appeal from the denial of their motions for directed verdict and for judgment notwithstanding the verdict. We vacate and remand for the entry of findings and conclusions of law.

As we recently held in *Hanson v. First State Bank & Trust*, 254 Ga. 235, 236 (327 SE2d 730) (1985), a court of equity may seek a jury's aid as a fact-finding body, but it may not abrogate its responsibility as a chancellor in equity to apply the facts to the law so that

equitable results may prevail. Here, although there were disputed issues of fact and the case was tried wholly on equitable theories, the jury did not return a special verdict finding specific facts which the court might have adopted as findings and conclusions, see *Hanson*, id., nor did the court make its own findings and conclusions.[1] Therefore, as was true in *Hanson*, id. at 236-237, an intelligent review of the merits of this appeal is precluded at this time, and the judgment must be vacated and remanded to the trial court to enter findings and conclusions of law in the case. Upon this being done, either or both of the parties will have the right to appeal from such judgment as is entered.

*Judgment vacated and remanded. All the Justices concur.*

DECIDED APRIL 29, 1986.

*Erwin, Epting, Gibson & McLeod, Terrell W. Benton, Jr., Andrew H. Marshall*, for appellants.

*Hudson & Montgomery, James E. Hudson*, for appellees.

*Frank C. Jones, W. Warren Plowden, Jr.*, amici curiae.

---

[1] The parties did not waive findings and conclusions. See OCGA § 9-11-52.