75742. ALLSTATE INSURANCE COMPANY v. CLARK.
(366 SE2d 394)

POPE, Judge.

On November 19, 1986 plaintiff Lucious G. Clark brought this action against defendant Allstate Insurance Company seeking recovery of "long term disability benefits." No answer to the complaint was filed, and on March 9, 1987 the trial court "sitting as trier of fact, after consideration of all the pleadings, the evidence, applicable law, argument of counsel, testimony of and for the plaintiff, and all other matters of record" entered judgment in favor of plaintiff in the amount of $215,327.42. On May 1 (within the same term of court) defendant filed a "Motion to Set Aside Judgment, Motion for New Trial and Extraordinary Motion for a New Trial." On June 30 the trial court entered an order denying defendant's various motions, and on July 27 the court granted defendant's motion pursuant to OCGA § 5-6-39 to extend the time to file a notice of appeal through August 27. On August 24 defendant filed a motion for an evidentiary hearing and to vacate the June 30 order. By order entered August 26 the trial court denied the motion to vacate without an evidentiary hearing, and on August 27 defendant filed its notice of appeal from the June 30 and August 26 orders.

1. At the outset we are presented with plaintiff's motion to dismiss this appeal. As correctly noted by plaintiff, the trial court's rulings on defendant's extraordinary motion for new trial and on its motion to set aside pursuant to OCGA § 9-11-60 (d) are matters which require a discretionary application in order to obtain appellate review. See OCGA § 5-6-35 (a) (7) and (8), respectively. Also, as to defendant's motion for new trial, plaintiff correctly notes that it was not timely filed. OCGA § 5-5-40 (a). Accordingly, this court lacks jurisdiction to review these matters. Defendant concedes as much in its response to plaintiff's motion; however, defendant contends that it now appeals only the denial of its "discretionary" (as opposed to statutory) motion to set aside and the trial court's refusal to grant an evidentiary hearing on the matter. Defendant argues that these matters are directly appealable.

We are constrained to agree with defendant's assertion. The denial of a "discretionary" motion to set aside a default judgment is an appealable final judgment. *Shannon Co. v. Heneveld*, 235 Ga. 635 (221 SE2d 200) (1975). But see *Azar v. Westview Cemetery*, 134 Ga. App. 682 (215 SE2d 719) (1975). As the motion sub judice is not provided for in the discretionary appeal provisions of OCGA § 5-6-35 (a), it is directly appealable to this court when timely made. OCGA § 5-6-34 (a) (1). See also OCGA § 5-6-30; *Sunn v. Mercury Marine*, 166 Ga. App. 567 (1) (305 SE2d 6) (1983).[1] We therefore deny plaintiff's motion to dismiss and turn to the merits of this appeal.

2. "Courts of record retain full control over orders and judgments during the term at which they were made, and, in the exercise of a sound discretion, may revise or vacate them. Such discretion will not be controlled unless manifestly abused. [Cits.] During the term of court at which a judgment is rendered the court has power, on its own motion, to vacate the same for irregularity, or because it was improvidently or inadvertently entered. [Cit.] The superior [or state] court, as a general rule, has plenary power over its orders and judgments during the term at which they were rendered, and may amend, correct, or revoke them for the purpose of promoting justice. [Cit.] A motion to set aside and vacate a judgment cannot be determined by any fixed rule, but depends on the circumstances of the case, and exercise of the power to vacate a judgment rendered during the term will not be controlled on review unless abused. [Cit.] The plenary control of the court over orders and judgments during the term at which they were rendered extends to all orders and judgments [including judgment by default] save those which are founded upon verdicts. [Cits.]" *Whitlock v. Wilson*, 79 Ga. App. 747 (54 SE2d 474) (1949); *Martin v. Gen. Motors Corp.*, 226 Ga. 860 (1) (178 SE2d 183) (1970); *Hunter v. Gillespie*, 207 Ga. 574, 575 (63 SE2d 404) (1951); see *Holcomb v. Trax, Inc.*, 138 Ga. App. 105 (225 SE2d 468) (1976).

Dealing first with defendant's procedural assertions of error, we find defendant's "discretionary" motion to set aside in this case to be equivalent to a motion for reconsideration. See *Johnson v. Barnes*, 237 Ga. 502 (1) (229 SE2d 70) (1976); *Miller v. Bank of the South*, 177 Ga. App. 42 (1) (338 SE2d 436) (1985). Such a motion can be ruled upon by the court *ex mero motu*, with or without notice to either party. *Holcomb v. Trax, Inc.*, supra at 106. It follows that the trial court did not err in failing to hold an evidentiary hearing on defendant's motion, although it was certainly within the court's dis-

---

[1] "[A]lthough a trial court's discretionary power to act during the same term of court is derived from its inherent powers and not from the Civil Practice Act, the CPA continues to control the procedural aspects of the case." *Bank of Cumming v. Moseley*, 243 Ga. 858, 859 (257 SE2d 278) (1979).

cretion to have done so. In any event, we find no harm in this regard as the record is replete with affidavits containing defendant's evidentiary assertions. We likewise find no abuse of discretion in the trial court's granting plaintiff's motion for protective order and quashing the subpoena for the deposition of plaintiff's counsel. Also, we find nothing in the record supporting defendant's specious assertion that the trial court failed entirely to exercise its discretion in this matter.

3. Turning finally to substantive issues, defendant asserts in part the following factors as undisputed in support of its "discretionary" motion to set aside: plaintiff sued the wrong company, and he and his attorney had every reason to know that he had done so, and the judgment was obtained through the "clearly erroneous" testimony of plaintiff. However, the affidavits submitted by the parties and/or their counsel in support of their positions are in substantial conflict and contain vehement charges and countercharges of fraud, perjury and unethical conduct. Much of what defendant asserts transpired at the default hearing (see OCGA § 9-11-55 (a)) is mere speculation in light of the absence of a transcript or its equivalent. As to whether defendant was a proper party, "[a]s far as the law is concerned, by [its] failure to answer, [it] has had [its] day in court." *Robinson-Shamburger, Inc. v. Tenney*, 135 Ga. App. 131, 134 (217 SE2d 184) (1975). Suffice it to say that upon our review of the record we find "[t]he trial court considered [all the evidence of record,] made a judgment concerning credibility, expressly recognized the discretionary nature of the decision to be made, and decided against [defendant's] position. On the record before us, a contrary decision was not demanded and we see no abuse of discretion." *Carson v. Morris*, 164 Ga. App. 732, 733 (297 SE2d 513) (1982); see *Tanner v. Tinsley*, 152 Ga. App. 330 (1) (262 SE2d 602) (1979). Defendant's liability to plaintiff as alleged in the complaint is thus established.

As to the issue of damages, however, we have a different situation. Defendant argues that the default judgment includes several improper items, such as future disability payments and bad faith penalties, and also was not reduced to present value. Pretermitting these exact issues, we find the amount of recovery sought by plaintiff was unliquidated, and no copy of the policy was attached to the pleadings. By affidavit plaintiff's counsel averred: "There was no documentary and/or physical evidence tendered or submitted into evidence at trial. No documentary or physical evidence was exhibited to the Court or even discussed with the trial court by plaintiff or plaintiff's attorney. The only evidence at the trial was the sworn testimony of plaintiff . . . [and] [a]fter hearing the plaintiff's testimony and asking the amount of damages, the Court instructed plaintiff's counsel to prepare the judgment."

"The amount of the recovery in an action on an insurance policy

generally depends on the terms of the contract, and as a general rule consists of, and is limited by, the amount for which insurer is liable under the policy of insurance, taken in connection with the pleading[s] and other controlling circumstances of the particular case, plus interest, costs, and [penalties where appropriate. . . .]" 46 CJS 691, Ins., § 1390; see *Hazlett & Hancock Constr. Co. v. Virgil Womack Constr. Co.*, 181 Ga. App. 25 (2) (351 SE2d 218) (1986). In the total absence of any record evidence of the terms of the insurance policy in question, we are compelled to conclude that the trial court had no factual basis for the amount of damages awarded. Cf. *Metropolitan Life Ins. Co. v. Lovett*, 50 Ga. App. 763 (179 SE 253) (1935). Therefore, the award of damages in this case is reversed and the case remanded to the trial court in order for plaintiff to establish the amount of his damages with proper proof. See *Archer v. Monroe*, 165 Ga. App. 724 (3) (302 SE2d 583) (1983); *Copelan v. O'Dwyer*, 159 Ga. App. 750 (285 SE2d 216) (1981).

*Judgment affirmed in part; reversed in part and case remanded with direction. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED FEBRUARY 24, 1988.

*Douglas N. Campbell, Daniel J. Weber, Harold N. Hill, Jr.*, for appellant.

*Nicholas C. Moraitakis, Eve A. Appelbaum*, for appellee.