A90A2164. FREEMAN v. SENTRY ENGINEERING &
CONSTRUCTION, INC. et al.
(398 SE2d 753)

DEEN, Presiding Judge.

This appeal is from an order entered May 17, 1990, in the Superior Court of DeKalb County, reducing the amount of attorney fees previously awarded to appellant. Appellant had sought compensation for work performed and costs incurred in the process of withdrawing from representation of appellees. After a series of hearings held over a period of some four months, the court determined, after a hearing held May 7, 1990, that it had erred in considering extraneous evidence and must therefore set aside its order of April 23, 1990, which had modified an order of February 28, 1990, by increasing the amount of attorney fees originally awarded in the February 1990 order. It is from the order entered May 17, 1990, pursuant to the May 7 hearing, that Freeman has sought both discretionary and direct appeals. Deeming the discretionary appeal to have been correctly filed because of the amount of money involved, we granted this appeal. Freeman enumerates as error (1) the propriety of the trial court's modifying the order of February 28 by order of May 17, and (2) the trial court's alleged failure to consider evidence regarding fees allegedly earned prior to withdrawal. *Held*:

1. Scrutiny of the record reveals that the order modified by the May 17 order which is the subject of this appeal was actually the order entered April 23, 1990, rather than that of February 28. It is well settled that "the trial judge ha[s] the inherent power during the same term of court in which the judgment was rendered to revise, correct, revoke, modify or vacate such judgment . . . for the purpose of promoting justice and in the exercise of a sound legal discretion." *LeCraw v. Atlanta Arts Alliance*, 126 Ga. App. 656, 663 (191 SE2d 572) (1972). It is equally well settled that this "inherent power" can be exercised *only* during the same term in which the challenged order or judgment is entered, *except* where, as here, the motion for modification (or other statutorily defined action) was filed during the term when the challenged order was entered, and is continued to the next term. *American Mut. Liab. Ins. Co. v. Satterfield*, 88 Ga. App. 395 (76 SE2d 730) (1953).

The record clearly indicates that appellees' motion was filed May 3, and that the new term began four days later, on May 7, 1990, the date of the hearing to which the May 17 order relates. The order of February 28, having been modified by that of April 23, was necessa-

rily incorporated in the order of May 17. We find the May 17 modification to be timely under standard procedures and, therefore, find no merit in the first enumeration.

2. There is ample indication in the record that at its May 7 hearing, the trial court properly determined what evidence was actually relevant to the issues before it and therefore properly excluded evidence as to the billings for matters unrelated to the withdrawal. If there is any evidence to support the trial court's ruling, it will be affirmed. *Archer Mtr. Co. v. Intl. Business Investments*, 193 Ga. App. 86 (386 SE2d 918) (1989).

The trial court's decision that the April 23, 1990 order must be vacated and set aside, and that the attorney fees awarded therein must be reduced in keeping with the amounts authorized by the evidence, was proper. We find no error here.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED OCTOBER 17, 1990 —
REHEARING DENIED NOVEMBER 7, 1990 —

*Gary G. Agnew*, for appellant.
*Steven G. Early*, for appellees.