## S94A1177. BAGLEY v. ROBERTSON et al.

(454 SE2d 478)

BENHAM, Presiding Justice.

Appellant William Bagley filed two petitions in probate court against his sister, the executrix of their mother's estate. One petition sought her removal as executrix; the other petition sought to have set aside a deed and conveyance of the decedent's home from appellee as executrix to appellee individually. Both petitions were denied by the probate court and an appeal to the superior court followed. At the close of the evidence in the jury trial[1] before the superior court, the trial court denied appellee's motions for directed verdict. The jury returned a verdict that the executrix should be removed from her position, and that appellant had proven that the deed had been obtained by fraud. The trial court adopted the factual finding of the jury on the issue of fraud, concluded that the fraud was sufficient grounds to set aside the deed and conveyance, entered judgment canceling and setting aside the conveyance and the deed, and removed

---

[1] A jury was required to hear the petition to remove the executrix. While there was no constitutional or statutory right to a jury trial in the purely equitable action seeking to have the deed and conveyance set aside (see *Hanson v. First State Bank &c.*, 254 Ga. 235, 236 (327 SE2d 730) (1985)), the parties agreed to have the jury advise the trial court on the petition to set aside by answering an interrogatory prepared by the trial court.

appellee as executrix. Twenty-two days later, appellee filed a motion for judgment notwithstanding the verdict or, in the alternative, motion for new trial. Ten months after the original judgment was entered, the trial court denied appellee's motion on the issue of the removal of the executrix on the ground that there was evidence to support the jury's verdict.[2] However, the trial court granted judgment notwithstanding the verdict to appellee on the matter of setting aside the conveyance. The trial court observed that the jury's verdict on the issue was advisory only, concluded that there was no basis for setting aside the conveyance because there was no evidence of fraud, and entered judgment in favor of appellee.[3]

Bagley has framed his appeal as one from the grant of a judgment notwithstanding the verdict. The appellate standard of review in such a case is whether the evidence, with all reasonable deductions therefrom, demanded a verdict contrary to that returned by the factfinder. See *Stone v. Cook*, 190 Ga. App. 11 (1) (378 SE2d 142) (1989); OCGA § 9-11-50. Appellee, on the other hand, contends the jury verdict was advisory only and that the trial court's judgment in favor of appellee must be upheld unless it is clearly erroneous. See, e.g., *Cooper v. Rosser*, 232 Ga. 597 (207 SE2d 513) (1974).

The trial court, sitting as a court of equity hearing the petition to set aside a deed and conveyance, exercised its inherent right to seek a jury's aid as a fact-finding body. *Hanson v. First State Bank &c.*, 254 Ga. 235, 236 (327 SE2d 730) (1985). However, because of the advisory nature of the jury in this case, the trial court was not bound by the factual finding of the jury on the issue of fraud. Therefore, the proceeding before the trial court was, in effect, a nonjury trial under OCGA § 9-11-52. Under § 9-11-52 (c), the trial court was authorized to amend its findings or make additional findings and amend the judgment "[u]pon motion made not later than 20 days after entry of judgment. . . ." The fact that appellee's post-judgment motion was filed 22 days after the trial court entered judgment in favor of appellant did not prevent the trial court from amending its findings of fact and modifying the judgment accordingly. A motion made under § 9-11-52 (c) is, in essence, a vehicle to allow a party to extend the time for a trial court to amend its findings beyond the end of the term. *Hathcock v. Hathcock*, 232 Ga. 719, 720 (208 SE2d 819) (1974). Neither § 9-11-52 (c) nor any other section of the Civil Practice Act

---

[2] The trial court's original judgment was entered during the March 1993 term of court. The motion for j.n.o.v./new trial was filed during the next term of court, the May 1993 term. Four terms of court later, during the January 1994 term of court, the judgment entered pursuant to the partial grant of the j.n.o.v. was entered. OCGA § 15-6-3 (33).

[3] As there was no right to a jury trial due to the equitable nature of the petition to set aside the deed and conveyance, the trial court was not required to rule on appellee's alternative motion for new trial on the issue. OCGA § 9-11-50 (c).

changes the rule that a trial judge has the inherent power during the same term of court in which the judgment was rendered to revise, correct, revoke, modify or vacate the judgment, even upon his own motion. *Bank of Cumming v. Moseley*, 243 Ga. 858 (257 SE2d 278) (1979); *LeCraw v. Atlanta Arts Alliance*, 126 Ga. App. 656, 663 (3) (191 SE2d 572) (1972).

Furthermore, this inherent power may be exercised in a subsequent term where a motion for modification or other statutorily defined action was filed during the term when the challenged order was entered, and is continued to the subsequent term. *Freeman v. Sentry Engineering &c.*, 197 Ga. App. 516 (1) (398 SE2d 753) (1990).

> Having the power to modify the judgment on the court's own motion (without motion of either party) the court had the power to modify a judgment on motion of one of the parties *even though that motion was for a new trial.*

(Emphasis supplied.) *Jennings v. Messman*, 157 Ga. App. 35, 36 (1) (276 SE2d 259) (1981). See also *State v. Bradbury*, 167 Ga. App. 390, 392 (4) (306 SE2d 346) (1983). Appellee's motion for new trial was timely because § 52 (c) does not require that the motion for new trial be made within 20 days after entry of judgment unless a motion to amend is also made. Therefore, unlike a motion to amend, appellee's motion for new trial extended the time for filing a notice of appeal. *American Flat Glass Distributors v. Michael*, 260 Ga. 312 (392 SE2d 855) (1990). The trial court retained "its inherent power to modify its own judgments *at least* for the length of the statutory appeal period." *In re: P. S. C.*, 143 Ga. App. 887, 889 (240 SE2d 165) (1977). Thus, while appellee's motion for new trial was pending, the trial court had the inherent power to modify its judgment.

Because the trial court's inherent power over the original judgment in favor of appellant was extended through the pendency of the motion for new trial, the trial court was authorized to make new findings of fact and enter judgment in favor of appellee.

> A superior court retains *plenary* control over judgments entered during the term at which they are entered, and in the exercise of a sound *discretion* may revoke them, and such discretion will not be controlled unless *manifestly abused*. [Cit.] This inherent power applies to all orders and judgments . . . , save those which are founded on verdicts.

(Emphasis supplied.) *Hunter v. Gillespie*, 207 Ga. 574, 575 (63 SE2d 404) (1951). See also *Whitlock v. Wilson*, 79 Ga. App. 747 (54 SE2d 474) (1949); *Godby v. Hein*, 107 Ga. App. 481, 483 (1) (130 SE2d 511) (1963); *Allstate Ins. Co. v. Clark*, 186 Ga. App. 58 (2) (366 SE2d 394)

(1988), overruled on other grounds, *Stone v. Dawkins*, 192 Ga. App. 126, 127 (384 SE2d 225) (1989). This inherent power "should not be used 'unless some meritorious reason is given therefor.' [Cit.]" *Hinson v. Hinson*, 218 Ga. 447, 449 (1) (128 SE2d 487) (1962). However, the right to determine what is a meritorious reason " 'is also addressed to the sound discretion of the judge, and [this court] will not reverse his decision unless such discretion is manifestly abused. (Cit.)' [Cit.]" *P. H. L. Dev. Corp. v. Smith*, 174 Ga. App. 328 (1) (329 SE2d 545) (1985).

After the bench trial and while the motion for new trial was pending, the trial court was authorized "to revoke, even reverse, its order. . . ." *In re: P. S. C.*, supra at 889 (2). It could vacate the judgment "for irregularity, or because it was improvidently or inadvertently entered. (Cit.)" *Allstate*, supra at 59 (2). The trial court's order on appellee's post-judgment motion indicates that it viewed its previous adoption of the special verdict as an improvident attempt to obtain a wholly uniform resolution of the parties' disputes. However, when acting entirely on its own, the trial court found that there was no fraud and thus no basis for setting aside the conveyance. The trial court's finding was supported by extensive testimony of both appellee and her attorney and was not clearly erroneous. *Covrig v. Miller*, 199 Ga. App. 864 (406 SE2d 239) (1991). Therefore, it is affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 13, 1995.

*Alderman, Green & Hamby, Brady D. Green,* for appellant.
*Brinson, Askew, Berry, Seigler, Richardson & Davis, C. King Askew, Mark M. J. Webb,* for appellees.