## S95A0463. OTWELL v. DORSEY.
(457 SE2d 810)

HUNT, Chief Justice.

John Otwell appeals from the trial court's judgment following the jury's verdict in Danita Dorsey's favor. We reverse and remand. Dorsey contracted with Otwell to rebuild Dorsey's house which had been destroyed by fire. Otwell required Dorsey to give him a quitclaim deed for the property which he agreed to release on full payment for his work. Disputes arose between the parties; Otwell released the quitclaim deed to Dorsey and Dorsey gave Otwell a deed to secure debt with the property as security. Otwell claims that both parties intended the deed to secure the debt Dorsey owed for work done but unpaid for. Dorsey claims she executed the deed under duress so that Otwell would release the quitclaim deed. Thereafter, Otwell foreclosed on the property and obtained a deed under power for the property. Dorsey brought this action claiming fraud and breach of contract and seeking damages and cancellation of the deed to secure debt and deed under power. The jury found in Dorsey's favor on her claims of fraud and breach of contract, awarding actual damages for each, and attorney fees on the fraud claim. The jury also found Dorsey was entitled to punitive damages, and after separate consideration of that issue, assessed them against Otwell.

In its initial judgment, the trial court awarded the damages assessed by the jury, but, finding the issue of title had not been determined by the verdict, and that "the foreclosure by which defendant claims said property occurred at a time when the plaintiff did not owe a debt to the defendant," reserved jurisdiction concerning the status of the property. Subsequently, the trial court ordered the deed to secure debt and deed under power cancelled and further ordered that the deed records reflect the property as titled in Dorsey's name.

Otwell contends the trial court had no authority to consider or decide the matter of title in this case. We agree.

The jury in this case returned a verdict in Dorsey's favor on all claims for damages for both breach of contract and fraud in accordance with a verdict form proposed by Dorsey's counsel. The damages for fraud included actual and punitive damages and attorney fees. Of course, Dorsey could have requested that the specific issue of fraud in Otwell's obtaining the deed to secure debt or title to the property be submitted to the jury and requested jury instructions in that regard. See OCGA § 9-11-49 (b). Had Dorsey done so, and had the trial court instructed the jury that if they found Otwell procured title fraudulently, that title then would be set aside and reestablished in Dorsey's name, the trial court would have been authorized to enter the judgment and amended judgment on the issue of title. However, the jury was not asked to make a specific finding of fraud in Otwell's procurement of title to the property, nor instructed on the question of title nor that the question of title was reserved in any way. While Dorsey claimed fraud on Otwell's part in obtaining the deed to secure debt and deed under power, it is not apparent from the jury's verdict that the jury found fraud regarding the issue of Otwell's title to the property, or that, even if it did, the actual damage award was not meant as full compensation for any such fraud. What is apparent is that the jury was asked by Dorsey to return a verdict for her for *damages,* and did return such a verdict: actual damages for breach of contract and for fraud, as well as attorney fees and punitive damages on the fraud claim.[1] The trial court's award of title of the property to Dorsey over and above the jury's damage award is clearly a modification of substance of the jury's verdict, contrary to OCGA § 9-12-7.[2] Therefore,

---

[1] Dorsey points out that in an equity case, while the trial court may use a jury for assistance in fact finding, it is the court's duty to apply the facts to the law in fashioning the appropriate relief. See *Sanders v. Stone,* 255 Ga. 704, 705 (342 SE2d 318) (1986); *Hanson v. First State Bank & Trust,* 254 Ga. 235, 236 (327 SE2d 730) (1985). Dorsey did not present her case purely on equitable theories. She correctly states that in her complaint and in the consolidated pretrial order she sought both damages (for fraud, breach of contract, attorney fees, and punitive damages) and equitable relief (return of title). At trial, however, she asked the jury to return monetary damages on all counts as her *entire* relief. Thus, the trial court had no authority to exercise its equitable powers to grant her *additional* relief.

[2] OCGA § 9-12-9 provides that the judgment and execution shall conform to the verdict. Also, under OCGA § 9-12-5 "[i]n a proper case, the superior court may mold the verdict so as to do full justice to the parties in the same manner as a decree in equity." However, this "molding" authority is limited by OCGA § 9-12-7 which provides that "after a verdict has been received and recorded and the jury has disbursed, it may not be amended in matter of substance either by what the jurors say they intended to find or otherwise." In *Fried v. Fried,* 208 Ga. 861 (3) (69 SE2d 862) (1952) in discussing the foregoing Code section, we noted "[n]or can the trial judge accomplish the same result as amending the verdict in matter of substance by entering a decree different from the verdict of the jury, thereby eliminating certain substantial findings of the verdict, and substantially modifying or changing other findings of the jury."

the trial court's judgment is reversed and remanded so that the trial court may conform its judgment to the jury's verdict in accordance with this opinion.[3]

*Judgment reversed and remanded with direction. All the Justices concur, except Benham, P. J., and Hunstein, J., who dissent.*

HUNSTEIN, Justice, dissenting.

I respectfully dissent to the reversal of the trial court's ruling in which the deed to secure debt was cancelled and title to the property put in Dorsey's name. The record is clear that Dorsey brought suit seeking both damages and equitable relief. What is less clear from the record is whether the jury's verdict on damages was meant to conclude the issue of title. The majority, relying on ambiguous omissions in the record, has read the record to establish a lack of authority for the trial court's ruling. I would read the record to uphold the trial court's ruling because the trial judge who presided over this case was in the better position to know what issues were and were not presented to the jury and because Otwell, who has the burden on appeal of demonstrating error affirmatively on the record, has failed to make the requisite showing.

I am authorized to state that Presiding Justice Benham joins in this dissent.

DECIDED MAY 30, 1995 —
RECONSIDERATION DENIED JUNE 27, 1995.

*Daniel F. Byrne,* for appellant.
*Jeffrey L. Sakas,* for appellee.

---

[3] Unlike *Stone v. Stone,* 258 Ga. 716 (373 SE2d 627) (1988), a new trial is not required in this case. Stone dealt with the trial court's award in a divorce case of attorney fees to the wife under OCGA § 19-6-2, invalidating the jury's verdict specifying that neither party would pay the other's attorney fees. Thus, it was apparent in that case that the trial court's change, although authorized, was a substantive change in the jury's verdict since the verdict was based on the jury's assumption that neither party would pay the other's litigation costs. Thus, a new trial was required. Here, Dorsey is bound by the jury form she proposed, and the damages she sought. She did not ask for any instruction, and the trial court did not instruct the jury that it might award title in addition to those damages. There was simply no basis for the trial court's award of title to Dorsey in addition to the jury's damage award. Since the jury's verdict is authorized by the evidence, and neither party contends it is not, the verdict in this case may stand.

We need not address Otwell's second enumeration regarding the trial court's failure to make findings of fact and conclusions of law.