45664.   MAYSON, Transferee v. MALONE et al.

QUILLIAN, Judge. Appellees (defendants below) filed what they denominate "a motion to set aside default judgment" which sought to attack a judgment rendered against them on January 8, 1963. The motion was predicated on the ground that neither defendant was personally served and that the return of service showed it to be insufficient and improper. On the hearing of this motion, the order of the trial judge recited "upon hearing evidence and upon argument of counsel," there was no valid process and the default judgment was void. Accordingly, the judgment of January 8, 1963, was vacated and set aside in its entirety. The appellant (plaintiff below) brings this appeal and

contends that the motion was barred by the statute of limitation. *Held:*

1. "A judgment void because of lack of jurisdiction of the person or subject-matter may be attacked at any time." *Code Ann.* § 81A-160 (f) (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240). Where there is lack of personal service the three-year limitation contained in *Code Ann.* § 81A-160 is not applicable. This is in accordance with the law prior to the Civil Practice Act. See *Strickland v. Willingham,* 49 Ga. App. 355, 357 (175 SE 605); *Buchan v. Williamson,* 131 Ga. 501 (3) (62 SE 815).

2. The appellees make a motion to dismiss the instant appeal on the grounds that it is not a final judgment and is premature. There was no certificate by the trial judge as provided in *Code Ann.* § 6-701 (a 2) (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073). Of course, the denial of a motion to set aside and vacate a judgment is final and appealable. *Farr v. Farr,* 120 Ga. App. 762 (172 SE2d 158). However, the grant of a motion to set aside a judgment, like the grant of a motion for new trial, leaves the case still pending in the court below and thus is not a final judgment. *Finch v. Kilgore,* 120 Ga. App. 320 (170 SE2d 304). See also in this connection *Watson v. Parke, Davis & Co.,* 117 Ga. App. 162 (159 SE2d 446), decided prior to the 1968 amendment to the Appellate Practice Act. The appeal is premature and must be dismissed.

*Appeal dismissed. Bell, C. J., and Whitman, J., concur.*
ARGUED SEPTEMBER 9, 1970—DECIDED NOVEMBER 13, 1970.

*James L. Mayson,* for appellant.
*Jones, Bird & Howell, Ruth H. Gershon,* for appellees.