## 50290. LEDFORD v. FARROW.

STOLZ, Judge.

1. "Where it was sought to have the court of ordinary revoke and set aside the probate of a will in solemn form, on the petition of one who had been served and was a party to the proceedings to admit the will to probate, such application . . ." was timely "made within three years from the rendering of the judgment sought to be vacated." *Speer v. Speer,* 74 Ga. 179 (1).

2. The appeal to the superior court from the final judgment of the court of ordinary denying the caveatrix' motion to set aside the judgment of probate, was a de novo investigation, in which both parties were entitled to be heard *on the whole merits of the case.* Code Ann. § 6-501 (Ga. L. 1972, pp. 638, 642). The superior court judge should have submitted to a jury the issues of fact raised by

the motions for summary judgment of the propounder and the caveatrix by hearing evidence in a de novo investigation as required by Code Ann. § 6-501; therefore, he erred in remanding the case to the court of ordinary for a determination of the case on the merits. See *Touchton v. Stewart,* 222 Ga. 455 (150 SE2d 643).

The judgment remanding the case to the court of ordinary, is reversed with direction that the parties be given a de novo hearing and ruling by the superior court on the whole merits of the case.

*Judgment reversed with direction. Deen, P. J., concurs. Evans, J., concurs in the judgment only.*

SUBMITTED FEBRUARY 25 — DECIDED APRIL 22, 1975.

*Davis & Gregory, Hardy Gregory, Jr.,* for appellant.
*James W. Hurt,* for appellee.