76135. LAFF LINES, LTD. et al. v. DIMAURO.
(366 SE2d 375)

BIRDSONG, Chief Judge.

Appellants, Laff Lines, Ltd. and Sakura Restaurants, Ltd. of Atlanta, filed this action sounding in contract in the State Court of Fulton County, alleging that appellee, Antonio Dimauro was a resident of the Frances Hotel in Atlanta, Fulton County, Georgia, and leased portions of those premises to appellants, warranting the condition of the building. The complaint alleged appellee breached the contract warranties and covenants, requiring appellants to undertake repairs and construction of the building in an attempt to comply with the Atlanta health and building codes. Appellants contend that as a result of the acts of appellee they "incurred and accrued liquidated damages in the amount of . . . ($516,000.00)."

The record does not contain an answer but shows a sworn acknowledgment of receipt of summons and complaint, purporting to contain the signature of Dimauro, one witness, and the jurat of a no-

tary public.

Default judgment was entered on May 26, 1987, in the amount of $516,000. On June 29, 1987, appellee Dimauro filed a motion to set aside the default judgment and to permit him to file defensive pleadings. A hearing was held and testimony taken from Dimauro and other witnesses. Dimauro testified that he had not been served personally and had been a resident of DeKalb County for the past 12 years, but on July 28, 1986, his DeKalb County home burned and he and his family moved into the Frances Hotel in Atlanta for a period of between one week and ten days. Thereafter, he immediately returned to his current home in Stone Mountain, DeKalb County, Georgia. Appellants produced several witnesses who testified that they witnessed Dimauro served personally in the law office of Hirsch Friedman on April 6, 1987 and he was then living in the Frances Hotel. The trial court found that Dimauro was a resident of DeKalb County at the time he was served and vacated the default judgment. Appellant has filed a direct appeal from such judgment and appellee has filed a motion to dismiss the appeal. *Held*:

The *grant* of a motion to set aside a default judgment, like the *grant* of a motion for new trial, leaves the case pending in the trial court below and is not a final judgment. *Mayson v. Malone*, 122 Ga. App. 814, 815 (178 SE2d 806). Because the judgment is not final, a direct appeal under OCGA § 5-6-34 (a) is not authorized and appellant failed to follow the proper procedure for an interlocutory appeal. OCGA § 5-6-34 (b). Absent a certificate of immediate review and application to this court for authorization to appeal, such direct appeal is premature and must be dismissed. *English v. Tucker Fed. S&L Assn.*, 175 Ga. App. 69 (332 SE2d 365); *Walton v. Collins*, 172 Ga. App. 736 (324 SE2d 574); *Franklin v. Collins*, 162 Ga. App. 755 (293 SE2d 364); *Notrica v. Southern Bell Tel. &c. Co.*, 147 Ga. App. 737 (250 SE2d 196).

*Appeal dismissed. Banke, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 23, 1988.

*Hirsch Friedman*, for appellants.
*Glenn Zell*, for appellee.