### A89A0779. STONE v. DAWKINS et al.
(384 SE2d 225)

BANKE, Presiding Judge.

The appellees filed a dispossessory warrant against the appellant in the State Court of DeKalb County. The appellant was served with process in the action on October 5, 1988. On October 11, 1988, he mailed an answer to the clerk by certified mail, but the answer was not received by the clerk's office until October 13, 1988, which was one day beyond the seven-day period in which the answer was required to be filed. See OCGA § 44-7-51 (b). Consequently, on October 17, 1988, a default judgment was entered against him.

On November 15, 1988, which was within the same term of court in which the judgment had been entered, the appellant filed a "Motion to Open Default and Vacate Judgment," contending that his answer would have reached the clerk's office one day earlier but for an error on the part of the United States Postal Service. That motion was denied on December 19, 1988; and on January 3, 1989, he filed the present appeal. *Held*:

There are two different sources of authority pursuant to which a trial court may set aside a judgment. One is OCGA § 9-11-60 (d), which specifies that a judgment may be set aside on the basis of "some nonamendable defect which does appear upon the face of the record or pleadings" or on the basis of "lack of jurisdiction over the person or subject matter, regardless of whether such lack of jurisdiction appears upon the face of the record or pleadings." Id. The other is the trial court's "inherent power to amend or set aside a judgment for any 'meritorious reason,' provided the motion to set aside is filed during the term in which the judgment was rendered.'" *Goode v. O'Neal Banks & Assoc.*, 165 Ga. App. 162 (300 SE2d 191) (1983).

In a brief filed in the trial court, the appellant indicated that he in fact intended for his motion to be treated neither as a statutory nor as a "discretionary" motion to set aside but rather as a complaint in equity, filed pursuant to OCGA § 9-11-60 (e). However, regardless of the legal basis for the motion, it is clear that its denial was not directly appealable and that the present appeal must consequently be dismissed.

Pursuant to OCGA § 5-6-35 (a) (8), an application for appeal must be filed in all cases where appeal is sought "from orders under subsection (d) of Code Section 9-11-60 denying a motion to set aside a judgment or under subsection (e) of Code Section 9-11-60 denying

relief upon a complaint in equity to set aside a judgment. . . ." No such application was filed in the present case. The denial of a "discretionary" motion to set aside, on the other hand, is never appealable in its own right; nor does the filing of such a motion extend the time for filing an appeal. See *Johnson v. Barnes & Co.*, 237 Ga. 502 (1) (229 SE2d 70) (1976); *Dougherty County v. Burt*, 168 Ga. App. 166, 167 (1), 170 (308 SE2d 395) (1983); *Bartlett v. Hembree*, 177 Ga. App. 253 (339 SE2d 388) (1985).

Although in *Allstate Ins. Co. v. Clark*, 186 Ga. App. 58, 59 (366 SE2d 394) (1988), this court recently held that "[t]he denial of a 'discretionary' motion to set aside a default judgment is an appealable final judgment," that holding was mistaken and is hereby overruled. The Supreme Court decision on which it was based, *Shannon Co. v. Heneveld*, 235 Ga. 635 (221 SE2d 200) (1975), was not apposite because it was predicated on precedent involving statutory rather than "discretionary" motions to set aside. See *Farr v. Farr*, 120 Ga. App. 762 (172 SE2d 158) (1969); *Mayson v. Malone*, 122 Ga. App. 814 (2) (178 SE2d 806) (1970). A "discretionary" motion to set aside is simply a request for the trial court to reconsider its decision, and we reiterate that the denial of such a motion is not an appealable judgment. See *Dougherty County v. Burt*, supra, 168 Ga. App. at 170.

*Appeal dismissed. Carley, C. J., Deen, P. J., McMurray, P. J., Birdsong, Sognier, Pope, Benham and Beasley, JJ., concur.*

DECIDED JUNE 30, 1989.

*Gregory E. Stuhler*, for appellant.
*William J. Dawkins*, for appellees.

