A94A1715, A94A1716. GUY v. ROBERSON et al.; and vice versa.
(448 SE2d 60)

McMURRAY, Presiding Judge.

In 1986, Wilma Dean Guy filed a petition for divorce from William Haislip in the Superior Court of Hall County, Georgia. She subsequently named Mark Roberson and Walter Roberson (defendants) in her divorce action, alleging that certain residential real estate titled in their names was an asset of her marriage and subject to equitable division. Personal service on Mark Roberson was made by leaving a copy of the summons and complaint with his estranged wife at defendant's address in Kennesaw, Georgia. Service of process on Walter Roberson was executed via publication, apparently pursuant to OCGA § 9-11-4 (e). Neither Mark Roberson nor Walter Roberson an-

swered or appeared in Guy's divorce proceeding and on August 29, 1986, she was granted a default judgment awarding her title to the property. On October 28, 1986, defendants brought a joint action seeking to set aside the final judgment in Guy's divorce proceedings. This separate action was treated by the trial court as a motion to set aside the judgment made pursuant to OCGA § 9-11-60 (d). On February 28, 1994, the trial court entered an order which granted Walter Roberson's motion to set aside the judgment in Guy's divorce proceeding based on the lack of personal service of process. However, the court refused to set aside the judgment against Mark Roberson on the alleged grounds of fraud and lack of personal jurisdiction. In Case No. A94A1715, Guy appeals from the order of the superior court setting aside the default judgment she had obtained against Walter Roberson and, in Case No. A94A1716, Mark Roberson cross-appeals from that portion of the trial court's order denying his motion to set aside.

### Case No. A94A1715

1. " ' "It is the duty of this court on its own motion to inquire into its jurisdiction." (Cit.)' *Anthony v. Anthony*, 120 Ga. App. 261, 264 (2) (170 SE2d 273) (1969)." *Cole v. Cole*, 205 Ga. App. 332 (1) (422 SE2d 230). In the absence of an order dismissing the case, "[t]he *grant* of a motion to set aside a . . . judgment [on jurisdictional grounds], like the *grant* of a motion for new trial, leaves the case [still] pending in the trial court below and is not a final judgment. *Mayson v. Malone*, 122 Ga. App. 814, 815 (178 SE2d 806). Because the judgment is not final, a direct appeal under OCGA § 5-6-34 (a) is not authorized and appellant [has] failed to follow the proper procedure for an interlocutory appeal. OCGA § 5-6-34 (b). [In the case sub judice, absent] a certificate of immediate review and application to this court for authorization to appeal, [Guy's] direct appeal [from the grant of an OCGA § 9-11-60 (d) motion to set aside] is [unauthorized] and must be dismissed. *English v. Tucker Fed. S&L Assn.*, 175 Ga. App. 69 (332 SE2d 365); *Walton v. Collins*, 172 Ga. App. 736 (324 SE2d 574); *Franklin v. Collins*, 162 Ga. App. 755 (293 SE2d 364); *Notrica v. Southern Bell Tel. &c. Co.*, 147 Ga. App. 737 (250 SE2d 196)." (Emphasis in original.) *Laff Lines, Ltd. v. Dimauro*, 186 Ga. App. 24, 25 (366 SE2d 375).

### Case No. A94A1716

2. The dismissal of the main appeal requires consideration of appellate jurisdiction over the cross-appeal by defendant Mark Roberson from the denial of his OCGA § 9-11-60 (d) motion. "Although under OCGA § 5-6-48 (e), a cross-appeal may survive the dismissal of the main appeal, 'this is true only where the cross-appeal can stand

on its own merit.' *Jones Roofing & Constr. Co. v. Roberts*, 179 Ga. App. 169, 170 (345 SE2d 683) (1986)." *Serco Co. v. Choice Bumper*, 199 Ga. App. 846 (406 SE2d 276). In the case sub judice, Mark Roberson's appeal from the denial of his OCGA § 9-11-60 (d) motion to set aside is subject to the application procedures for discretionary appeal under OCGA § 5-6-35 (a) (8). See *Stone v. Dawkins*, 192 Ga. App. 126 (384 SE2d 225). Consequently, "since the main appeal [must be dismissed] in its entirety, and [defendant has] filed no application under OCGA § 5-6-[35 (a) (8)] for [discretionary] review of the denial of [his OCGA § 9-11-60 (d)] motion, we have no independent jurisdiction for the cross-appeal, see *Hutchinson v. Nat. Svcs. Indus.*, 191 Ga. App. 885, 886 (3) (383 SE2d 212) (1989), and accordingly it must be dismissed. . . . [Cit.]" *Serco Co. v. Choice Bumper*, 199 Ga. App. 846, 847, supra.

*Appeal in Case No. A94A1715 and Cross-appeal in Case No. A94A1716 dismissed. Pope, C. J., and Smith, J., concur.*

DECIDED AUGUST 10, 1994.

*Glyndon C. Pruitt*, for appellant.

*Stewart, Melvin & House, Frank W. Armstrong III*, for appellees.

