## A98A0403. HOOPER v. TAYLOR.
### (495 SE2d 594)

BEASLEY, Judge.

On December 3, 1993, Mary Helen Stallworth Hooper filed an application for a year's support in the Probate Court of Rockdale County. None of the interested persons allegedly notified of the application filed objections. On January 18, 1994, the court entered a final judgment on the application granting an award to Hooper.

Over two years later, in September 1996, Claudette Hooper Taylor filed a motion to set aside the judgment pursuant to OCGA § 9-11-60 (d) on the ground that she did not have valid service of the citation because the certified mail was not properly addressed. The probate court held an evidentiary hearing on the issue of service and publication and denied the motion to set aside.

Taylor appealed to the superior court (OCGA §§ 5-3-2 and 5-3-29), which heard argument and set aside the award of a year's support.

Hooper filed a direct appeal to this Court on the ground that it is a final order. Hooper enumerates as error the court's finding a lack of due process, when it was shown that plaintiff complied with the service statute, OCGA § 53-5-8.

1. "It is the duty of this court on its own motion to inquire into its jurisdiction. *Cole v. Cole*, 205 Ga. App. 332 (1) (422 SE2d 230). In the absence of an order dismissing the case, the grant of a motion to set aside a judgment on jurisdictional grounds, like the grant of a motion for new trial, leaves the case still pending in the trial court below and is not a final judgment. *Mayson v. Malone*, 122 Ga. App. 814, 815 (178 SE2d 806). Because the judgment is not final, a direct appeal under OCGA § 5-6-34 (a) is not authorized and appellant has failed to follow the proper procedure for an interlocutory appeal. OCGA § 5-6-34 (b). . . . [A]bsent a certificate of immediate review and application to this court for authorization to appeal, [Hooper's] direct appeal from the grant of an OCGA § 9-11-60 (d) motion to set aside is unauthorized and must be dismissed. *Laff Lines, Ltd. v. Dimauro*, 186 Ga. App. 24, 25 (366 SE2d 375)." (Citations, punctuation and emphasis omitted.) *Guy v. Roberson*, 214 Ga. App. 391, 392 (1) (448 SE2d 60) (1994).

2. The case is still pending in superior court because the appeal to it was a de novo investigation. See OCGA § 5-3-29. As such, and the case not having been dismissed, Hooper may continue pursuit of a year's support. See *Knowles v. Knowles*, 125 Ga. App. 642, 645 (1) (188 SE2d 800) (1972) (trial court erred in remanding remaining proceedings to court of ordinary related to application for a year's support). See also *Ledford v. Farrow*, 134 Ga. App. 591 (215 SE2d 344) (1975) (error to remand case to court of ordinary where appeal taken

from ordinary's denial of application to set aside probate of will).
*Appeal dismissed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 8, 1998.

*Eugene D. Butt*, for appellant.
*Talley & Sharp, Daniel S. Digby*, for appellee.

