## A98A2439. VANGOOSEN et al. v. BOHANNON.
### (511 SE2d 925)

RUFFIN, Judge.

Mary and John Vangoosen sued Michael Bohannon for injuries they allegedly sustained in an automobile accident. When defendant failed to answer, the trial court granted the plaintiffs' motion for a default judgment. However, the trial court failed to serve defendant with a copy of the judgment as required by OCGA § 15-6-21 (c), thereby preventing defendant from exercising his right of appeal. Upon defendant's motion, the trial court set aside the default judgment pursuant to *Cambron v. Canal Ins. Co.*, 246 Ga. 147 (269 SE2d 426) (1980), which allows the court in this situation to set aside and then re-enter the judgment, so as to allow the losing party to file a timely appeal. However, after setting aside the default judgment pursuant to *Cambron*, the trial court did not re-enter the judgment, but proceeded to open the default pursuant to OCGA § 9-11-55 (b). We denied the plaintiffs' application for interlocutory appeal of this ruling. At trial, the jury found in the defendant's favor. Plaintiffs appeal the trial court's order dismissing their motion for new trial and also appeal the earlier order opening the default. Because we conclude the trial court erred in opening the default in the first instance, we do not need to address the plaintiffs' remaining enumerations of error.[1] Instead, we reverse and remand the case to the trial court so that it may re-enter the default judgment.

1. Plaintiffs contend that the trial court, upon setting aside the default judgment pursuant to *Cambron*, erred in proceeding to open the default under OCGA § 9-11-55 (b), rather than re-entering the default judgment. We agree.

OCGA § 9-11-60 provides the sole means of attacking a judgment. The only portion of the statute relevant to this case is OCGA § 9-11-60 (g), which provides that "[c]lerical mistakes in judgments,

---

[1] In plaintiffs' second, third, and fourth enumerations of error, they attack that portion of the trial court's order which opened the default. In their fifth enumeration of error, plaintiffs contend the trial court erred in dismissing their motion for new trial for a delay in filing the transcript.

orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time."[2] In *Cambron*, the Supreme Court held that, if the trial judge does not send notice to the losing party after entering a judgment, that party may move the court "under [OCGA § 9-11-60 (g)] to set aside the earlier judgment; and upon a finding that notice was not provided as required by [OCGA § 15-6-21 (c)], the motion to set aside may be granted, *the judgment re-entered*, and the thirty-day period within which the losing party must appeal will begin to run from the date of the re-entry." (Emphasis supplied.) *Cambron*, supra at 148-149 (1); see also *Downs v. CDC Fed. Credit Union*, 224 Ga. App. 869, 870 (2) (481 SE2d 903) (1997).

The holding in *Cambron* serves to correct the prejudice caused by a trial court's error in failing to notify the losing party of the judgment. Nothing in *Cambron* allows the court to set aside the judgment and then proceed as if no judgment had ever been entered. Rather, *Cambron* requires that the trial court *re-enter* the judgment at issue. See *Downs*, supra.

In this case, after setting aside the default judgment pursuant to *Cambron*, the trial court opened the default under OCGA § 9-11-55 (b). However, this procedure is available only *prior* to the entry of a default judgment. See OCGA § 9-11-55 (b). Because the trial court gave no basis for setting aside the default judgment other than its failure to provide notice of the judgment to the defendant, it was required under *Cambron* to re-enter the default judgment and thus could not proceed to open the default under OCGA § 9-11-55 (b).

*Morgan v. Starks*, 214 Ga. App. 265 (447 SE2d 651) (1994), relied on by defendant, does not change this result. In *Morgan*, the trial court dismissed a suit without prejudice when neither party appeared for a peremptory calendar call, but failed to notify the parties of the dismissal. Id. When the parties learned of the dismissal, the plaintiff moved to set aside the judgment under *Cambron*. The trial judge granted the motion and re-entered a new order dismissing the case. Because the dismissal was without prejudice, plaintiff was able to file a renewal action within six months. Id. at 266. Contrary to the defendant's contention, *Morgan* does not stand for the proposition that a trial court can set aside a judgment under *Cambron* without proceeding to re-enter the same judgment. The plaintiff in *Morgan* was able to have the merits of his case ultimately reached only because the judgment in question was a dismissal without prejudice as opposed to a final judgment.

---

[2] In his motion to set aside the default judgment and open default, defendant asserted that the judgment should be set aside pursuant to OCGA § 9-11-60 (d) (2); however, the trial court did not rule on this assertion, and the defendant has not appealed this issue.

Accordingly, this case is reversed and remanded to the trial court with direction to re-enter the default judgment. The defendant, of course, will have the right to appeal from that judgment.

2. Defendant asserts that we lack jurisdiction to review the trial court's order granting his motion to set aside the default judgment and open the default because plaintiff did not file a direct appeal of such rulings previously. This assertion is without merit. While defendant correctly notes that "[m]otions to set aside brought on the grounds that the court failed to notify the losing party of its decision are cognizable as motions to correct a clerical error pursuant to OCGA § 9-11-60 (g) and are properly the subject of a direct appeal," *Downs*, supra at 869 (1), this is not the issue upon which plaintiffs base their appeal. Instead, they acknowledge that the default judgment was properly set aside due to the trial court's clerical error, but contest the trial court's ruling in the same order which opened the default. In that regard, the *grant* of a motion to set aside a default judgment and open the default leaves the case pending in the trial court and is thus not a final judgment proper for direct appeal. See *Laff Lines, Ltd. v. Dimauro*, 186 Ga. App. 24, 25 (366 SE2d 375) (1988). Thus, plaintiffs properly applied for an interlocutory appeal following the trial court's order opening the default judgment, which we denied without comment.

*Judgment reversed and remanded with direction. Pope, P. J., and Beasley, P. J., concur.*

DECIDED FEBRUARY 9, 1999 — ▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

*Rodney L. Mathis*, for appellants.

*Kinney, Kemp, Sponcler, Joiner & Tharpe, Henry C. Tharpe, Jr., Chadwick D. Plumley*, for appellee.

