## A99A1956. CLARK v. DAVIS.
(530 SE2d 49)

RUFFIN, Judge.

Dock H. Davis, the executor of the estate of P. H. Montgomery, Jr., filed a petition in probate court seeking compensation under OCGA § 53-6-143 for distributing certain property in kind.[1] The probate court entered an order denying the petition. Davis then appealed this decision to the superior court.[2] Following a jury trial, the jury found that Davis was entitled to a commission equal to two and one-half percent of the value of the property delivered in kind, although it was not asked to make any findings as to the value of such property. The superior court entered judgment on the jury verdict, holding that "[t]he commission allowed to . . . Davis as compensation shall be 2 1/2% of the value of the property delivered in kind." This judgment also did not set forth the value of such property. George Russom Clark, a residuary legatee under Montgomery's will, filed a notice of appeal from the superior court's judgment.[3] Because the superior court's order does not constitute a final judgment pursuant to OCGA § 5-6-34 (a) (1), we dismiss the appeal.

Generally, when a superior court rules on an appeal from a lower court, the superior court's decision may be appealed to this court only through the discretionary appeals procedures.[4] This rule does not, however, apply to a superior court decision in an appeal from probate court. In such case, the appealability of the superior court's ruling is

---

[1] Under OCGA § 53-6-143, the probate court may, in its discretion, award an executor commissions up to three percent of the appraised or fair value of any property delivered in kind by the executor. On appeal to the superior court, such discretion is to be exercised by the superior court judge or jury. See *Patterson v. Patterson,* 208 Ga. 17, 22 (2) (64 SE2d 585) (1951); *Crump v. McDonald,* 239 Ga. App. 647, 649 (1) (520 SE2d 283) (1999).

[2] See OCGA §§ 5-3-2; 5-3-29.

[3] The jury also found that Clark was not entitled to a distribution of certain real property, but Clark does not raise this issue on appeal.

[4] See OCGA § 5-6-35 (a) (1).

governed by OCGA § 5-6-34.[5] If the ruling constitutes a "final judgment," it is directly appealable under OCGA § 5-6-34 (a). If the ruling is not a final judgment, the appellant must follow the interlocutory appeals procedures set forth in OCGA § 5-6-34 (b).[6]

When an appeal is taken to the superior court from a decision of the probate court, the appeal is de novo, and the entire case is transferred to the superior court.[7] The duty of the superior court is not to determine whether the probate court erred but to "try the issue anew and pass original judgments on the questions involved as if there had been no previous trial."[8] Thus, when a de novo appeal is made to the superior court, it is error for that court to remand the case back to the probate court for further proceedings.[9] In this case, Davis appealed the probate court's denial of his petition for additional compensation under OCGA § 53-6-143. Therefore, his appeal to superior court brought up the entire issue of his entitlement to additional compensation, including the amount of such compensation.

The superior court's judgment does not purport to decide the entire issue of Davis' entitlement to compensation under OCGA § 53-6-143 but simply states that Davis is entitled to a commission of two and one-half percent of the fair value of property transferred in kind. As yet, no judicial determination has been made as to the value of such property, and no final award of compensation has been made. The verdict form presented to the jury did not ask the jury to find the value of the property transferred in kind but simply asked it to determine whether Davis was entitled to a commission and, if so, in what percentage. The superior court's order states that the verdict form was prepared "with the consent of the parties," and Clark does not point to anywhere in the record showing that he objected to the verdict form. Therefore, regardless of whether any evidence was presented as to the value of the property transferred, the jury was not asked to resolve that issue, and the issue remains pending in the superior court.[10]

---

[5] See *Phillips v. State*, 261 Ga. 190-191 (402 SE2d 737) (1991); *Power v. State*, 231 Ga. App. 335, 336 (499 SE2d 356) (1998).

[6] See *Hooper v. Taylor*, 230 Ga. App. 128 (1) (495 SE2d 594) (1998).

[7] See OCGA § 5-3-29; *Hooper*, supra at 128-129 (2); *Knowles v. Knowles*, 125 Ga. App. 642, 645 (1) (188 SE2d 800) (1972).

[8] (Punctuation omitted.) Id.

[9] See id.; *Hooper*, supra; *Ledford v. Farrow*, 134 Ga. App. 591-592 (2) (215 SE2d 344) (1975) (physical precedent).

[10] We note that Clark is incorrect in claiming that there was *no* evidence presented at trial regarding the value of any property transferred in kind. Clark himself testified that he received a distribution of certain machines worth $20,000. Therefore, even if the issue of value had been presented to the jury, there was some evidence from which it could place a value on property transferred by Davis. As discussed above, however, the jury was not asked to find the value of such property.

"It is the duty of this court on its own motion to inquire into its jurisdiction."[11] Regardless of the propriety of the superior court's severing the issue of Davis' entitlement to a commission from the issue of the value of the property transferred, the fact remains that the case has not been fully adjudicated in the superior court. Accordingly, the superior court's decision was not a "final judgment" pursuant to OCGA § 5-6-34 (a) (1), and Clark was required to follow the interlocutory appeals procedures. Because he did not do so, we do not have jurisdiction to decide this appeal.

*Appeal dismissed. Andrews, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 18, 2000 — 

*Albert B. Wallace, Stephen B. Wallace II*, for appellant.
*Dock H. Davis*, pro se.

---

[11] (Punctuation omitted.) *Hooper*, supra at 128 (1).