A04A2221. THE PANTRY, INC. v. HARRIS.
(609 SE2d 692)

MILLER, Judge.

In this appeal from a default judgment in a slip and fall case, The Pantry, Inc. (The Pantry) argues that the trial court erred in refusing to set aside the judgment. We disagree and therefore affirm.

On March 16, 2004, Jeannette Harris filed a negligence lawsuit alleging that she fell and was injured on the premises of a Golden Gallon gas station and convenience store owned by The Pantry. Harris served her complaint on the store manager the following day. On May 4, one day after the 45-day period in which The Pantry could open default as a matter of right (see OCGA § 9-11-55 (a)), Harris moved for default judgment as to liability on the ground that no defensive pleadings had been filed. On May 5, Harris also moved to schedule a hearing on damages. That same day, the trial court entered a default judgment and set the damages hearing for May 7. On that day, after reviewing evidence including medical bills in the amount of $52,542.75, the trial court entered a verdict and judgment against The Pantry for $300,000, the amount sought in Harris' complaint.

Finally, on May 17, The Pantry filed an answer and moved to set aside the default judgment, either by exercise of the court's discretion or under OCGA § 9-11-60. After a hearing, the trial court denied the motion. The Pantry now appeals on two grounds: (1) that the trial court failed to set the trial on damages at least twenty days after its judgment on liability, and (2) that it abused its discretion by failing to open the default.[1]

1. At the hearing on its motion to set aside, The Pantry failed to raise the claim that the trial court erred when it failed to allow 20 days or some other reasonable time to elapse between the trial on liability and that on damages. See Uniform State Court Rule 8.3; OCGA § 9-11-40 (a). Issues neither raised nor ruled on in the trial court cannot be raised for the first time on appeal. *Assn. Svcs. v. Smith*, 249 Ga. App. 629, 632 (1) (549 SE2d 454) (2001). Even if the

---

[1] For her part, Harris brought a motion to dismiss this appeal, which is hereby denied.

argument had been properly raised, it would fail on its merits as well, since a party's failure to file pleadings amounts to a waiver of all subsequent notices, including a notice of trial. OCGA § 9-11-5 (a); *T.A.I. Computer, Inc. v. CLN Enterprises*, 237 Ga. App. 646, 649 (3) (516 SE2d 340) (1999).

2. A motion to set aside under OCGA § 9-11-60 (d) (2) must allege fraud, accident, mistake, or the acts of the adverse party "unmixed with the negligence or fault of the movant." The trial court found that The Pantry was negligent in handling Harris's complaint, and thus denied its motion to set aside. Having thus failed to have the judgment set aside under OCGA § 9-11-60, The Pantry now argues that the court abused its discretion when it failed to open default. This argument is entirely without merit. As Harris points out, the first and essential step against any final judgment, including a default judgment, is a motion to set aside the judgment under OCGA § 9-11-60 (d). Only after that motion has been granted may a trial court consider whether to open default under OCGA § 9-11-55. See *Vangoosen v. Bohannon*, 236 Ga. App. 361, 362 (1) (511 SE2d 925) (1999). Given both The Pantry's failure to answer within the statutory period and the trial court's finding that it was negligent in its handling of the complaint, we cannot allow The Pantry to circumvent the requirements of OCGA § 9-11-60 to reach the easier question whether the trial court might have opened default, let alone agree that there was an abuse of discretion in its decision not to do so. See *Vangoosen*, supra, 236 Ga. App. at 362 (1).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JANUARY 21, 2005 — 

*Jenkins & Olson, Frank E. Jenkins III, Brandon L. Bowen*, for appellant.

*Cook & Connelly, Bobby Lee Cook, Gregory, Christy, Maniklal & Dennis, Hardy Gregory, Jr.*, for appellee.