# Court of Appeals
# of the State of Georgia

ATLANTA,__ June 30, 2014 _____

*The Court of Appeals hereby passes the following order:*

**A14D0386. VIEWS AT PEACHTREE CORNERS CONDOMINIUM ASSOCIATION, INC. v. BECTON, DICKINSON, AND COMPANY.**

In this garnishment action, Views at Peachtree Corners Condominium Association, Inc. (the "Condominium") obtained a default judgment against Becton, Dickinson, and Company. The trial court set aside the default judgment and ordered the Condominium to pay back the garnishment funds it collected as a result of the default judgment. The Condominium then filed this application for discretionary appeal. We, however, lack jurisdiction.

As Becton, Dickinson, and Company points out, orders granting motions to set aside are generally not final orders because they leave the case pending in the trial court. See *Vangoosen v. Bohannon*, 236 Ga. App. 361, 363 (2) (511 SE2d 925) (1999); *Guy v. Roberson*, 214 Ga. App. 391, 392 (1) (448 SE2d 60) (1994); *English v. Tucker Federal Savings & Loan Assn.*, 175 Ga. App. 69 (332 SE2d 365) (1985). Such non-final orders must be appealed through the interlocutory appeal procedure set forth in OCGA § 5-6-34 (b). *Guy*, supra. Although appeals in garnishment cases are typically by discretionary application, see OCGA § 5-6-35 (a) (4), where both discretionary and interlocutory application procedures apply, the applicant must follow the interlocutory appeal procedure and obtain a timely certificate of immediate review before filing an application. See *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588 (1) (408 SE2d 103) (1991). Because the Condominium failed to follow the interlocutory appeal procedure, this application is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* <u>06/30/2014</u>

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *Stephen E. Castlen* _____ *, Clerk.*