# Court of Appeals
# of the State of Georgia

ATLANTA,   July 08, 2016

*The Court of Appeals hereby passes the following order:*

## A16D0414.  KENNETH TERRY v. DAVON LEONARD DEBMAN et al.

On December 17, 2015, Kenneth Terry ("Terry") obtained a default judgment against Davon Leonard Debman and Parkwood Motors, Inc. in a negligent entrustment action filed in July 2015 (the "2015 action").  On February 8, 2016, Parkwood Motors filed a motion to set aside the default judgment.  For reasons that are not clear, the trial court clerk did not docket the motion in the 2015 action but instead created a new action, utilizing the motion as the initial pleading in that case (the "2016 action").  Terry filed a motion to dismiss the 2016 action based upon insufficient service of process.  On May 13, 2016, the trial court entered two orders in the 2016 action, one of which denied Terry's motion to dismiss for insufficiency of service. In the second order, the trial court granted Parkwood Motors, Inc.'s motion to set aside the default judgment, noting therein that the judgment entered in the 2015 action would be set aside by separate order.[1]  Terry filed this application for

---

[1] In the 2015 action, the trial court entered orders vacating the default judgment and opening default.  Terry filed a notice of appeal from those orders.  To the extent that he filed this application in an effort to secure judicial review of the trial court's order granting the motion to set aside in the 2015 action, we note that the grant of a motion to set aside is interlocutory.  *See Vangoosen v. Bohannon*, 236 Ga. App. 361, 363 (2) (511 SE2d 925) (1999); *Guy v. Roberson*, 214 Ga. App. 391, 392 (1) (448 SE2d 60) (1994); *English v. Tucker Federal Savings & Loan Assn.*, 175 Ga. App. 69 (332 SE2d 365) (1985).  And compliance with the discretionary appeal statute, OCGA § 5-6-35, does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b).  *See Bailey v. Bailey*, 266 Ga. 832 (471 SE2d 213) (1996).

discretionary appeal from the orders in the 2016 action. We lack jurisdiction.

As recognized by the trial court, the motion to set aside pertained to the 2015 action; thus any substantive relief to which Terry may be entitled will necessarily be in the 2015 action. To the extent Terry wishes to appeal the denial of his motion to dismiss for insufficiency of service of process, the question presented on appeal has become moot as that action has already concluded. An appeal becomes moot if the rights insisted upon could not be enforced by a judicial determination. *Randolph County v. Johnson*, 282 Ga. 160 (1) (646 SE2d 261) (2007). Accordingly, this application is DISMISSED as moot. *See* OCGA § 5-6-48 (b) (3).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____07/08/2016_____
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*