# Court of Appeals
# of the State of Georgia

ATLANTA,  September 06, 2019

*The Court of Appeals hereby passes the following order:*

**A20D0028.    CROOMS INC d/b/a CROOMS QUALITY CARS v. CONVENIENCE STORES INC d/b/a FRESHWAY MARKET.**

Crooms Inc. ("Crooms") filed a continuing garnishment action against Convenience Stores, Inc. ("CSI"), seeking to collect a judgment it had obtained against Katrina Smith, whom Crooms alleged was an employee of CSI. When CSI failed to file an answer, the trial court entered default judgment against CSI and a writ of fieri facias in favor of Crooms. CSI moved to set aside the default judgment on the ground that it was not Smith's employer. The trial court granted the motion, vacated and set aside the default judgment, and canceled the writ of fieri facias. Crooms then filed this application for discretionary appeal. We, however, lack jurisdiction.

Generally, a party must follow the discretionary appeal procedure to appeal an order in a garnishment case. See OCGA § 5-6-35 (a) (4). However, "[t]he *grant* of a motion to set aside a default judgment . . . leaves the case pending in the trial court below and is not a final judgment." *Laff Lines, Ltd. v. Dimauro*, 186 Ga. App. 24, 25 (366 SE2d 375) (1988); see also *Wright v. Wright*, 139 Ga. App. 60 (228 SE2d 9) (1976) ("In this garnishment case the trial court set aside a judgment against the garnishee but did not terminate the garnishment proceeding. This order is not a final judgment"). Because the order that Crooms wishes to appeal is not a final judgment, Crooms was required to comply with the interlocutory appeal procedure set forth in OCGA § 5-6-34 (b). See *Laff Lines*, 186 Ga. App. at 25. Although Crooms did file a discretionary application, OCGA § 5-6-35, which governs discretionary appeal procedure, does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b). See *Bailey*

*v. Bailey*, 266 Ga. 832 (471 SE2d 213) (1996); compare *Principal Lien Svcs. v. Nah Corp.*, 346 Ga. App. 277 (814 SE2d 4) (2018) (garnishor properly filed discretionary application from trial court order that set aside default judgment *and* dismissed garnishment action).

Crooms's failure to comply with the interlocutory appeal procedure deprives us of jurisdiction to consider this discretionary application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  09/06/2019*
> *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
> *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*