# Court of Appeals
# of the State of Georgia

ATLANTA,  July 03, 2023

*The Court of Appeals hereby passes the following order:*

## A23D0352. EMANUEL RAMOS NAVEDO v. ORIETTE T. RAMOS.

In June 2021, Emanuel Ramos Navedo filed a petition for divorce against Oriette T. Ramos. After Oriette failed to file an answer or other defensive pleadings, Emanuel filed a motion under OCGA § 9-11-12 (c), seeking judgment on the pleadings. The trial court granted that motion and entered a final judgment and decree of divorce on February 8, 2022. In November 2022, Oriette moved to set aside the divorce decree under OCGA § 9-11-60 (d), asserting that in obtaining the divorce, Emanuel had committed fraud against both the court and her. Following an evidentiary hearing, the trial court found Oriette's claims of fraud meritorious, and granted the motion to set aside. Emanuel then filed this application for a discretionary appeal. We, however, lack jurisdiction.

Under OCGA § 5-6-35 (2), appeals from final judgments in divorce cases must come by way of an application for a discretionary appeal. The grant of a motion to set aside a judgment, however, does not constitute a final, appealable judgment. Instead, "like the grant of a motion for new trial," the grant of a motion to set aside "leaves the case pending in the trial court below." *Laff Lines, Ltd. v. Dimauro*, 186 Ga. App. 24, 25 (366 SE2d 375) (1988). See also *Hooper v. Taylor*, 230 Ga. App. 128, 128 (1) (495 SE2d 594) (1998). Accordingly, Emanuel was required to comply with the interlocutory appeal procedures — including securing a certificate of immediate review from the trial court — to obtain immediate appellate review of the order at issue. See OCGA § 5-6-34 (b); *Guy v. Roberson*, 214 Ga. App. 391, 392 (1) (448 SE2d 60) (1994). And Emanuel's filing of an application for a discretionary appeal does not excuse him from complying with the interlocutory appeal procedures set

forth in OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996) (where a party is appealing an interlocutory order, the filing of an application for a discretionary appeal is insufficient to confer jurisdiction on the appellate court); *Eidson v. Croutch*, 337 Ga. App. 542, 543 (788 SE2d 129) (2016) (same).

Given Emanuel's failure to follow the interlocutory appeal procedures, we lack jurisdiction to consider this application, which is hereby DISMISSED. See *Bailey*, 266 Ga. at 833.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,   07/03/2023*

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*