# Court of Appeals
# of the State of Georgia

ATLANTA,  May 12, 2025

*The Court of Appeals hereby passes the following order:*

## A25D0347. EDDIE DENHARDT d/b/a GEORGIA LIEN SERVICES v. VICTORY PARK INTOWN, INC.

Plaintiff Eddie Denhardt d/b/a Georgia Lien Services ("GLS") filed a garnishment action against Victory Park Intown, Inc., seeking to collect a judgment it had obtained against defendant Liu & Sons, Inc. When Victory Park Intown failed to file an answer, the trial court entered default judgment against Victory Park Intown. Victory Park Intown moved to set aside the default judgment, and the trial court granted the motion. GLS then filed this application for discretionary appeal. We, however, lack jurisdiction.

Ordinarily, a party must follow the discretionary appeal procedure to appeal an order in a garnishment case. See OCGA § 5-6-35 (a) (4).  However, "[t]he *grant* of a motion to set aside a default judgment . . . leaves the case pending in the trial court below and is not a final judgment." *Laff Lines, Ltd. v. Dimauro*, 186 Ga. App. 24, 25 (366 SE2d 375) (1988) (emphasis in original); see also *Wright v. Wright*, 139 Ga. App. 60, 60 (228 SE2d 9) (1976) ("In this garnishment case the trial court set aside a judgment against the garnishee but did not terminate the garnishment proceeding. This order is not a final judgment."). Accordingly, GLS was required to comply with the interlocutory appeal procedures — including securing a certificate of immediate review from the trial court —  to obtain immediate appellate review of the order at issue. See OCGA § 5-6-34 (b); *Guy v. Roberson*, 214 Ga. App. 391, 392 (1) (448 SE2d 60) (1994). And GLS's filing of an application for a discretionary appeal does not excuse it from complying with the interlocutory appeal procedures set forth in OCGA

§ 5-6-34 (b). See *Eidson v. Croutch*, 337 Ga. App. 542, 543 (788 SE2d 129) (2016).

GLS's failure to comply with the interlocutory appeal procedure deprives us of jurisdiction to consider this discretionary application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* 05/12/2025

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*