# Court of Appeals
# of the State of Georgia

ATLANTA,  July 22, 2025

*The Court of Appeals hereby passes the following order:*

**A25A1978. ERIC JACKSON v. GOLDEN VALLEY PARACHUTE, LLC et al.**

Golden Valley Parachute, LLC, originally brought a dispossessory action against Eric Jackson in magistrate court. After the matter was transferred to state court, the state court granted summary judgment to Golden Valley and Ladan Pratt, awarded them a writ of possession, and ordered Jackson to pay back rent. Jackson appealed, and his appeal is currently pending in this Court. See Case No. A25A0868. After Case No. A25A0868 was docketed in this Court, the state court ordered Jackson to pay supersedeas bond and, thereafter, make monthly payments. Jackson again appealed, and that appeal is also currently pending in this Court. See Case No. A25A1080. Then, on February 26, 2025, the state court entered a new order summarily denying supersedeas bond. A few months later, Golden Valley filed a renewed motion for supersedeas bond under OCGA § 5-6-46 and payment of rent into the registry of the court under OCGA § 44-7-56 (5). On June 3, 2025, the state court set the matter for a hearing, and Jackson has filed this appeal from the June 3 order. We lack jurisdiction.

Under OCGA § 5-6-34 (a) (1) (B), direct appeals are permitted from final judgments, "that is to say, where the case is no longer pending in the court below[.]" An order *setting* an appeal bond pursuant to OCGA § 5-6-46 may be directly appealable. See, e.g., *Winchell v. Winchell*, 352 Ga. App. 306, 313, n. 10 (3) (835 SE2d 6) (2019). But here, the renewed motion for bond has not yet been ruled upon. Because the renewed motion remains pending in the state court, Jackson was required to comply with the interlocutory appeal procedures—including securing a certificate of immediate review and filing an interlocutory application— to obtain immediate

appellate review of the order at issue. See OCGA § 5-6-34 (b); *Guy v. Roberson*, 214 Ga. App. 391, 392 (1) (448 SE2d 60) (1994). His failure to do so deprives us of jurisdiction over this appeal, which is hereby dismissed.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*___07/22/2025_____

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*