# Court of Appeals
# of the State of Georgia

ATLANTA, _September 08, 2025_

_The Court of Appeals hereby passes the following order:_

**A26D0048. GROVER L. BENTON, JR. v. LEBOLO ROOFING AND DEVELOPMENT LLC. et al.**

In 2022, Grover L. Benton Jr. filed a complaint against Lebolo Roofing and Development, LLC and Emilio Lebolo ("defendants"). In April 2023, after defendants failed to file an answer or responsive pleading, the trial court entered a default judgment of $115,999.71.

In 2025, defendants filed a "Special Appearance Motion to Set Aside Judgment," contending that they were never served with Benton's lawsuit and that the 2023 judgment was void. Because Benton's lawsuit was closed after the trial court entered the judgment, the motion to set aside was assigned a new docket number by the superior court clerk. See OCGA § 15-6-61 (a) (4) (A); see generally Uniform Superior Court Rule 39.2.[1] The trial court granted defendants' motion to set aside the default judgment on June 30, 2025, and directed that an order setting aside the judgment and reopening the case would be filed in the original lawsuit.[2] Benton then

---

[1] As the trial court concluded, the 2025 action was not a new, independent case, instead the new docket number simply reflected an administrative action taken by the clerk pursuant to the applicable laws. See generally _Cowart v. Ga. Power Co._, 362 Ga. App. 574, 580 (1) (868 SE2d 241) (2022) (concluding that the "purely administrative requirement" of assigning new docket number did not transform a post-judgment contempt proceeding into a "wholly new action.").

[2] Apparently an order reinstating the case was filed under the 2022 docket number, though the application materials do not contain a copy of this order.

filed, in the 2025 docket, a motion to vacate the June 30 order setting aside the default judgment. The trial court denied Benton's motion to vacate and filed its order in both dockets. Here, Benton seeks to appeal the trial court's order. We, however, lack jurisdiction.

"The *grant* of a motion to set aside a default judgment . . . leaves the case pending in the trial court below and is not a final judgment." *Laff Lines, Ltd. v. Dimauro*, 186 Ga. App. 24, 25 (366 SE2d 375) (1988) (emphasis in original); see also *Guy v. Roberson*, 214 Ga. App. 391, 392 (1) (448 SE2d 60) (1994). In like manner, the denial of Benton's motion to vacate the grant of the motion to set aside was not a final judgment and Benton's 2022 lawsuit remains pending below. Thus, Benton was required to follow the interlocutory appeal procedure outlined in OCGA § 5-6-34 (b), which includes obtaining a certificate of immediate review from the trial court and applying to this Court for permission to appeal. See *Guy*, 214 Ga. App. at 392 (1). Furthermore, Benton's filing of an application for a discretionary appeal does not excuse him from complying with the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b). See *Eidson v. Croutch*, 337 Ga. App. 542, 543 (788 SE2d 129) (2016).

Accordingly, Benton's failure to follow the interlocutory appeal procedure deprives this Court of jurisdiction to consider this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 09/08/2025

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*