# Court of Appeals
# of the State of Georgia

ATLANTA,  December 05, 2025

*The Court of Appeals hereby passes the following order:*

## A26D0178. MASTEWAL ABAWA v. AGERIE ALEBACHEW.

In December 2023, Mastewal Abawa filed a complaint for divorce against Agerie Alebachew. After the trial court entered a final judgment and decree of divorce, Alebachew filed in April 2025 a motion to set aside the divorce decree under OCGA § 9-11-60(d), motion to re-open discovery, and motion to file a late answer and counterclaim, asserting that Abawa had committed fraud in inducing her to sign the divorce documents. Following an evidentiary hearing, the trial court found Alebachew's claims of fraud meritorious and granted the motion to set aside, motion to re-open discovery, and motion to file a late counterclaim. Abawa then filed this application for a discretionary appeal.[1] We, however, lack jurisdiction.

Under OCGA § 5-6-35(a)(2), appeals from final judgments in divorce cases must come by way of an application for a discretionary appeal. The grant of a motion to set aside a judgment, however, does not constitute a final, appealable judgment. Instead, like the grant of a motion for new trial, the grant of a motion to set aside leaves the case pending in the trial court. *Laff Lines, Ltd. v. Dimauro*, 186 Ga. App. 24, 25 (366 SE2d 375) (1988); see also *Hooper v. Taylor*, 230 Ga. App. 128, 128(1) (495 SE2d 594) (1998). Accordingly, Abawa was required to comply with the interlocutory appeal procedures — including securing a certificate of immediate review from the trial court — to obtain immediate appellate review of the order at issue. See OCGA

---

[1] This Court granted Abawa an extension of time within which to file this application. See Case No. A26E0068.

§ 5-6-34(b); *Guy v. Roberson*, 214 Ga. App. 391, 392(1) (448 SE2d 60) (1994). And Abawa's filing of an application for a discretionary appeal does not excuse him from complying with the interlocutory appeal procedures set forth in OCGA § 5-6-34(b). See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996) (where a party is appealing an interlocutory order, the filing of an application for a discretionary appeal is insufficient to confer jurisdiction on the appellate court); *Eidson v. Croutch*, 337 Ga. App. 542, 543 (788 SE2d 129) (2016) (same).

Given Abawa's failure to follow the interlocutory appeal procedures, we lack jurisdiction to consider this application, which is hereby DISMISSED. See *Bailey*, 266 Ga. at 833.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,* 12/05/2025

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*